[Cite as *State v. Lewis*, 2012-Ohio-4858.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-75 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CR-296 |
| v. | : | |
| | : | (Criminal Appeal from |
| ROBERT R. LEWIS | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2012.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by NATHANIEL R. LUKEN, Atty. Reg. #0087864, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. #0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

 HALL, J.

        **{¶ 1}**    Robert R. Lewis appeals from his conviction and sentence following guilty pleas to illegal manufacture of drugs and illegal assembly or possession of chemicals for the manufacture of drugs.

        **{¶ 2}**    Lewis advances three assignments of error on appeal. First, he contends his guilty pleas were not entered knowingly, intelligently, or voluntarily because the trial court deviated from a

plea agreement without advising him of that possibility. Second, he claims the trial court erred in imposing a mandatory fine without determining his ability to pay. Third, he alleges ineffective assistance of counsel based on his attorney's failure to file an affidavit of indigency to avoid the fine.

{¶ 3}     The record reflects that Lewis appeared in court on July 22, 2011 for a change-of-plea and dispositional hearing. During the hearing, Lewis expressed a desire to plead guilty to both charges against him. Among other things, the trial court advised him that he faced a mandatory minimum prison sentence of three years. (Tr. at 16). The trial court also informed Lewis that he faced a mandatory minimum fine of $12,500. (*Id*.). Lewis indicated that he understood. (*Id*.). The trial court then recited the terms of a plea agreement as follows: "Mr. Lewis, your agreement says that you will plead guilty to the Indictment; the parties will stipulate to a five-year prison sentence; the Defendant is responsible for reimbursement of $125 for laboratory analysis of the evidence to the Fairborn Police Department." (*Id*. at 18). Lewis acknowledged that these were the terms of his plea agreement. (*Id*.).

{¶ 4}     After reciting the plea agreement, the trial court informed Lewis that it would "impose the agreed sentence that you've bargained for with the Prosecuting Attorney." (*Id*. at 22). After some discussion about Lewis's rights, the trial court accepted his guilty pleas and proceeded to disposition. During the sentencing phase of the hearing, the following exchange occurred:

THE COURT: * * * Mr. Lewis your sentence will be, in Count I, for a definite period of five years for Illegal Manufacture of Drugs, a felony of the second degree;

Count II, for a definite period of five years for Illegal Assembly or Possession of Chemicals for Manufacture of Drugs, a felony of the third degree.

These sentences will be served concurrently for a total effective sentence of five years, of which the five years is mandatory. And the Court will not impose a fine in your case.

Well, I guess I should say—has there been anything filed in this case regarding a fine?

[DEFENSE COUNSEL:] I'm sorry?

THE COURT: Has there been anything filed in regard to the fine?

[DEFENSE COUNSEL:] Well, the plea agreement contains nothing about a mandatory fine, but Mr. Lewis is indigent.

THE COURT: Well, has there been an affidavit filed in this case?

[DEFENSE COUNSEL:] I don't that [sic] something has been filed.

THE COURT: Well, I will impose the minimum sentence, which is , I believe, $12,500.

(Tr. at 31-32).

**{¶ 5}** In his first assignment of error, Lewis challenges the validity of his pleas. He argues that the trial court violated his due process rights by deviating from the plea agreement after advising him that it would impose the bargained-for sentence. Specifically, Lewis claims the trial court impermissibly deviated from the plea agreement by imposing a $12,500 fine, a sanction not included in the agreement.

**{¶ 6}** In support of his argument, Lewis relies primarily on this court's opinion in *State v. Arde*, 190 Ohio App.3d 196, 2010-Ohio-5274, 941 N.E.2d 119 (2d Dist.). There we stated: "The decision to accept or reject a plea bargain rests solely within the discretion of the trial court. If the trial court accepts a plea agreement on the record, it must honor it. If the trial court imposes anything other than the agreed-upon sentence, the sentence is rendered void or voidable." *Id.* at ¶18 (citations omitted). In *Arde*, the trial court agreed to the terms of the parties' plea agreement so long as the defendant met certain conditions. The plea agreement called for a three-year prison sentence and restitution in the amount of $348,953.82. *Id.* at ¶3-4. The trial court later found that the defendant had not complied with its guidelines. As a result, it imposed a nine-year prison sentence. *Id.* at ¶10-11. The trial court also apparently imposed a restitution obligation of $350,953.82 before issuing an amended entry reducing restitution to the agreed-upon $348,953.82. *Id.* at ¶11, ¶24-26. On appeal in *Arde*, this court found that

the defendant had followed the conditions established by the trial court. Therefore, we held that the trial court was obligated to impose the three-year prison sentence to which it had agreed. *Id.* at ¶21.

{¶ 7} Upon review, we find *Arde* to be distinguishable. In *Arde*, the trial court deviated from the terms of a plea agreement it had committed to follow. Here the trial court did not deviate from the terms of the plea agreement. The parties' agreement did not address the issue of a fine. Notably, the trial court specifically addressed the issue of a fine with Lewis *before* he entered his guilty pleas. It informed him that he faced a mandatory minimum $12,500 fine. Lewis responded that he understood. (Tr. at 16). Because the trial court made Lewis aware of the fine before he entered his pleas, we reject his argument that the pleas were not knowingly, intelligently, and voluntarily entered. The first assignment of error is overruled.

{¶ 8} In his second assignment of error, Lewis claims the trial court erred in imposing a fine without determining his ability to pay.

{¶ 9} Although Lewis's fine was mandatory under R.C. 2929.18, the trial court still was obligated by  R.C. 2929.19(B)(5) to consider his "present and future ability to pay."  A hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. "All that is required is that the trial court 'consider' a defendant's ability to pay." *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶55 (citations omitted). "[A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine." *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶42. Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue. *Id*.

{¶ 10} In the present case, the trial court stated in its judgment entry that it had "considered the defendant's present and future ability to pay financial sanctions." (Doc. #24 at 2). Lewis argues, however, that the record is devoid of evidence to support a finding that he has, or will have, the ability to pay a $12,500 fine. We disagree. Lewis pled guilty to illegally manufacturing methamphetamine. His ability to manufacture drugs indicates that he is able-bodied and

intelligent enough to obtain employment, perhaps manufacturing something legal. In addition, the trial court established during the plea hearing that Lewis was forty-one years old, that he was a United States citizen, and that he was capable of reading, writing, and speaking English. (Tr. at 8-9). His status and skills are indicative of employability. In light of these facts, and absent any evidence to the contrary, the trial court reasonably concluded that Lewis will have the ability to pay a fine. The second assignment of error is overruled.

{¶ 11}   In his third assignment of error, Lewis alleges ineffective assistance of counsel based on his attorney's failure to file an affidavit of indigency to avoid the fine. His argument implicates R.C. 2929.18(B)(1), which provides:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 12}   Lewis claims his trial counsel provided deficient representation by failing to file an affidavit pursuant to R.C. 2929.18(B)(1) and that he was prejudiced by being required to pay a $12,500 fine. Lewis reasons that the would not have been required to pay the fine if his attorney had filed the affidavit.

{¶ 13}   To establish ineffective assistance of counsel, an appellant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial or proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 14}   "The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would

have found [the] Defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed." *State v. Hicks*, 2d Dist. Montgomery No. 23757, 2010-Ohio-5521, ¶15 (citation omitted). "Information regarding [the] Defendant's financial status is typically outside the record on merit appeal. Then, the more appropriate vehicle for pursuing that issue is post-conviction relief proceedings filed pursuant to R.C. 2953.21." *State v. Sheffield*, 2d Dist. Montgomery No. 20029, 2004-Ohio-3099, ¶14.

{¶ 15}  In the present case, Lewis makes much of the fact that he qualified as indigent for purposes of receiving court-appointed counsel. He insists that this fact alone establishes a reasonable probability that the trial court would have found him indigent for purposes of waiving the mandatory fine. (Appellant's brief at 13). Lewis also asserts that he suffers from a disability that prevents him from maintaining employment and that he has been unemployed for six years. (*Id.*).

{¶ 16}  Based on the record  before us, we cannot find a reasonable probability that the trial court would have found Lewis unable to pay a fine if his attorney had filed an affidavit. Although Lewis obtained appointed counsel below, the trial court was aware of that fact when it found that he had the ability to pay a fine. Although indigency for purposes of receiving appointed counsel could be sufficient for a court to waive a mandatory fine, that fact alone is not coextensive with a reasonable probability that the trial court would have waived the fine if his attorney had filed an affidavit. We have previously held that a finding of indigence for purposes of appointed counsel does not shield the defendant from paying a fine. *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶55 (citation omitted). "This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." *State v. Kelly*, 145 Ohio App.3d 277, 284, 762 N.E.2d 479, 483 (12th  Dist. 2001).

{¶ 17}  As for Lewis's assertion that he has a disability and cannot maintain employment, the record contains no evidence to support it. If his assertion is true, the remedy is a petition for post-conviction relief. The record before us establishes only that Lewis is relatively young, that he has the ability to understand his criminal charges and his plea agreement, and that he is able-bodied enough

to manufacture drugs. These facts do not establish a reasonable probability that Lewis will be unable to pay a fine, over time, after being released from prison. *Cf. State v. Dixon*, 2d Dist. Montgomery No. 23671, 2010-Ohio-4919, ¶15 (finding no ineffective assistance of counsel stemming from the failure to file an affidavit in part because the record contained no evidence "demonstrating Defendant's inability to secure future employment").

**{¶ 18}**  In opposition to the foregoing conclusion, Lewis relies on this court's opinions in *Hodge*, *supra*, and *State v. Cochran*, 2d Dist. Clark No. 97-CA-50, 1998 WL 288942 (June 5, 1998). We find *Hodge* to be readily distinguishable. The evidence in that case established that the defendant was fifty-three years old, had a tenth-grade education, had several prior felony convictions, was legally blind, could not hold steady employment, and received social security disability and welfare benefits. *Hodge* at ¶69. The facts of the present case do not resemble the facts of *Hodge*.

**{¶ 19}**  In *Cochran*, this court reasoned:

* * * [T]here  is enough indication of Cochran's inability to pay this fine in the record before us that we believe a remand is warranted, for the sole purpose of determining whether the mandatory fines will be imposed * * *. We note that appellant was represented by a public defender. Thus, there was necessarily a determination made that he was indigent under Chapter 120 of the Revised Code. We recognize that there is a difference between indigency for the purposes of receiving appointed counsel and inability to pay a mandatory fine. * * * Nevertheless, that difference does not make the prior determination entirely irrelevant to the question of whether the record shows a reasonable probability that the trial court would have found Cochran indigent. * * * It is reasonable to conclude that, where an offender was indigent for the purposes of receiving appointed counsel but now faces a $6500 fine and five years of incarceration, he could have proven himself indigent under [the relevant statutes], had he submitted a proper affidavit of indigency.

*Cochran* at *6.

**{¶ 20}** This court's 1998 opinion in *Cochran* does suggest that a defendant's indigency for purposes of obtaining appointed counsel, alone, establishes a reasonable probability that he would have been found indigent for purposes of a fine if his attorney had filed an affidavit. More recently, however, this court reached a contrary result in *Dixon*, which involved a defendant who had received a $7,000 fine and a five-year prison sentence for possessing crack cocaine. On appeal, this court reasoned:

> Typically, information regarding Defendant's financial status is outside the record in a direct appeal. That is largely the case here. Defendant speculates that he would not be able to obtain employment in the future due to his criminal record, which consists of this offense and three prior convictions for cocaine possession. However, there is no evidence in this record demonstrating Defendant's inability to secure future employment. What the record does show is that when Defendant was sentenced he was twenty-three years old, had completed one year of college, and was able to post a ten thousand dollar surety bond in order to secure his release from jail pending trial. On these facts and circumstances, we cannot conclude that a reasonable probability exists that the trial court would have found Defendant indigent and unable to pay the applicable mandatory fine for his felony drug offense had defense counsel filed an affidavit of indigency prior to sentencing.

*Dixon* at ¶15.

**{¶ 21}** Notably, the defendant in *Dixon* had obtained appointed counsel in the trial court. See *State v. Dixon*, Montgomery C.P. No. 2008 CR 04339/1 (January 29, 2009 order appointing counsel on basis of Dixon's indigency). Although this court did not mention that fact in its ruling, Dixon's indigent status in the trial court was apparent on the face of the record. Nevertheless, this court concluded, based on all of the evidence before it, that there was no reasonable probability the trial court would have waived the mandatory fine if Dixon's attorney had filed an affidavit of indigency. In reaching its

conclusion, this court was not unaware of *Cochran*, which it cited in its opinion. *Dixon* at ¶14.

**{¶ 22}** Upon review, we find *Dixon* to be persuasive. The fact that Lewis was indigent at the time of trial for purposes of hiring counsel says little about his future employability or ability to pay a fine after being released from prison. Although Lewis's indigency for purposes of obtaining counsel perhaps was not irrelevant to the fine issue, in this case it also was not enough to establish a reasonable probability that his fine would have been waived if counsel had filed an affidavit. As set forth above, the trial court was aware of Lewis's inability to hire an attorney when it found that he had the ability to pay a fine. It would be illogical, then, to hold that Lewis's indigency for purposes of obtaining counsel was enough to create a reasonable probability that the trial court would have waived the fine if properly asked through an affidavit.[1] Accordingly, the third assignment of error is overruled.

**{¶ 23}** The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Stephen K. Haller
Nathaniel R. Luken
Jay A. Adams
Hon. Stephen Wolaver

---

[1] We note too that the evidence necessary to resolve an ineffective-assistance claim based on the lack of an affidavit challenging a fine typically is found outside the record. *See, e.g., Dixon* at ¶15. Given the large number of criminal defendants who receive appointed trial counsel, this would not be so if the fact that a defendant received appointed counsel were enough, standing alone, to support an ineffective-assistance claim.