[Cite as *State v. Edwards*, 2013-Ohio-1922.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

MICHAEL T. EDWARDS

       Defendant-Appellant

Appellate Case No.    2012-CA-49

Trial Court Case No.   2012-CR-105

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of May, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 E. Columbia St., 4th Floor, P.O. Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

REBEKAH NEUHERZ, Atty. Reg. No. 0072093, 121 South Main Street, Urbana, Ohio 43078
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-Appellant, Michael Edwards, appeals from his convictions and sentences in the following cases:   (1) Clark County Common Pleas Court Case No. 11-CR-827, Possession of Cocaine in violation of R.C. 2925.11, a felony of the second degree; (2) Clark County Common Pleas Court Case No. 12-CR-93, Possession of Heroin in violation of R.C. 2925.11(A), a felony of the fifth degree; and (3) Clark County Common Pleas Court Case No. 12-CR-105, Possession of Heroin in violation of R.C. 2925.11(A), a felony of the third degree.

{¶ 2}     Following his guilty plea to the charges, Edwards was sentenced to six years in prison in Case No. 11-CR-827, and was ordered to pay a $10,000 fine, plus court costs.  In addition, Edwards' driver's license was suspended for five years.  In Case No. 12-CR-93, Edwards was sentenced to 12 months in prison, to be served concurrently with the sentences in the other cases.  He was also ordered to pay a $1,500 fine, plus court costs, and his driver's license was suspended for five years.  Finally, in Case No. 12-CR-105, Edwards was sentenced to 36 months in prison, with the sentence to be served concurrently with the sentences in the other cases.   Edwards was additionally ordered to pay a $1,500 fine, plus court costs, and his driver's license was suspended for five years.

{¶ 3}     Edwards contends that the trial court erred in failing to find that he was indigent for purposes of imposing fines.  Edwards further contends that his trial counsel was ineffective because he failed to file an affidavit of indigency prior to the sentencing hearing.

{¶ 4}     We conclude that the trial court did not err in failing to find Edwards indigent for the purpose of imposing fines.  We further conclude that trial counsel did not render ineffective assistance of counsel by failing to file an affidavit of indigency.  Accordingly, the

judgment of the trial court will be affirmed.

## I.  Facts and Course of Proceedings

{¶ 5}     Edwards was originally indicted in Case No. 11-CR-827 on one count of possession of cocaine, a second degree felony, and one count of possession of heroin, a fifth degree felony.   These charges arose from events that occurred on October 4, 2011, when Edwards was stopped by the Springfield Police Division and was arrested on an outstanding warrant.   At that time, Edwards told police that he was "dirty," and he was searched.   Officers found a white powdery substance, which was field-tested for cocaine in an amount greater than 20 grams.   The crime lab subsequently verified that the substance was cocaine.

{¶ 6}     Subsequently, on December 20, 2011, Edwards was arrested by police and was found in possession of .38 grams of heroin contained in five capsules.   Based on these facts, Edwards was indicted in Case No. 12-CR-93 for possession of heroin, a fifth-degree felony.

{¶ 7}     Finally, in Case No. 12-CR-105, Edwards was indicted for Trafficking in Drugs, a fourth-degree felony, Possession of Heroin, a third-degree felony, Illegal Conveyance of Weapons or Prohibited Items onto Grounds of a Detention Center or Institution, a third-degree felony, and Possession of Cocaine, a fourth-degree felony.   These charges arose from events that occurred on February 2, 2012.   Among other things, Edwards was in possession of 30 capsules of heroin and a plastic or cellophane baggie.

{¶ 8}     After pleading not guilty to the charges, Edwards entered into a plea agreement, pursuant to which he agreed to plead guilty to two charges of possessing heroin and one charge of possessing cocaine.  In exchange, the State agreed to dismiss the remaining charges in the

indictments. In addition, the parties agreed to a six-year term of imprisonment on the cocaine charge, with the sentences for possessing heroin to be served concurrently. The plea agreement also indicated that any other potential sanctions would be left to the trial court's discretion.

{¶ 9} At the sentencing hearing, which was held on June 7, 2012, the trial court imposed the agreed-upon prison time. The court also ordered Edwards to pay a $10,000 fine in the cocaine possession case, and fines of $1,500 each in the heroin possession cases. During the hearing, the judge asked Edwards when he was last employed. Edwards said that he had last been employed four months before the hearing, when he worked for a tree service company. Edwards indicated that he had held that job for about five months, and had not been employed prior to that time. In response to other questions from the court, Edwards stated that he was 32 years of age and had no physical problems that would prevent him from being employed.

{¶ 10} Edwards was represented by court-appointed counsel during the trial court proceedings. His counsel did not file an affidavit of indigency prior to the sentencing hearing. However, after the trial court imposed sentence, counsel asked the trial court to suspend the balance of the fines and court costs, after the court applied $254 of seized money to the fines and costs. When trial counsel made this request, he indicated that Edwards was indigent. The trial court denied the request.

{¶ 11} Edwards now appeals from the trial court's judgment of conviction and sentence.

## II. Did the Trial Court Err in Failing to Find Edwards Indigent?

{¶ 12} Edwards' First Assignment of Error states that:

The Trial Court Erred in Not Determining Edwards was Indigent for Purposes of Imposition of Fines.

{¶ 13}    Under this assignment of error, Edwards contends that the trial court abused its discretion in ordering payment of any fines, due to Edwards' indigency.   Although the trial court made no specific finding about Edwards' ability to pay, Edwards maintains that the court's imposition of a less than mandatory minimum fine in Case No. 12-CR-105 indicates that the court must have determined that Edwards could not pay the mandatory fine.

{¶ 14}    The offenses to which Edwards pled guilty are violations of R.C. Chapter 2925. In this regard, R.C. 2929.18(B)(1) provides, in pertinent part, as follows:

> For a first, second, or third degree felony violation of any provision of Chapter 2925. * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section.   If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 15}    R.C. 2929.18(A)(3) authorizes the following maximum statutory fines: $15,000 for a second-degree felony offense; $10,000 for a third-degree felony; and $2,500 for a fifth-degree felony.   Thus, the potential minimum mandatory fines for Edwards would have been $7,500, $5,000, and $1,250.   The trial court imposed fines of $10,000, $1,500, and $1,500,

respectively, for these felonies.

**{¶ 16}**   In *State v. Lewis*, 2d Dist. Greene No. 2011-CA-75,   2012-Ohio-4858, we noted that:

> Although [the defendant's] fine was mandatory under R.C. 2929.18, the trial court still was obligated by R.C. 2929.19(B)(5) to consider his "present and future ability to pay."   A hearing on a defendant's ability to pay is not required. Nor is a court required to make findings.   "All that is required is that the trial court 'consider' a defendant's ability to pay."   *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55 (citations omitted). "[A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine."   *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42.   Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue.   *Id.   Lewis* at ¶ 9.

**{¶ 17}**   In the case before us, the trial court did not make findings pertaining to Edwards' ability to pay.   However, this was not required.   During the hearing, the trial court did ask Edwards about his past employment and age, and about whether Edwards had physical problems that would preclude employment.   This inquiry is similar to the one conducted in *Lewis*, where we found that the trial court had "reasonably concluded" that the defendant would have the ability to pay fines.   *Id.* at ¶ 10.   Accordingly, the trial court did not abuse its discretion in requiring Edwards to pay fines.

**{¶ 18}**   In its brief, the State notes that the fine imposed for Edwards' third-degree felony charge should have been $5,000, rather than $1,500.   The State, therefore, asks us to

remand this matter to the trial court for imposition of the appropriate fine. However, this issue is not properly before us, because the State failed to file a cross appeal directed to this issue.

{¶ 19}    App. R. 3(C)(1) provides that:

A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.

{¶ 20}    Since the State failed to file a cross appeal, we cannot consider the issue raised by the State.

{¶ 21}    The First Assignment of Error is overruled.


III.   Did Trial Counsel Render Ineffective Assistance of Counsel?

{¶ 22}    Edwards' Second Assignment of Error states that:

Edwards' Trial Counsel was Ineffective for Failing to File an Affidavit Prior to the Dispositional Hearing in this Matter.

{¶ 23}    Under this assignment of error, Edwards contends that trial counsel rendered ineffective assistance of counsel by failing to file an affidavit of indigency prior to sentencing. We disagree.

{¶ 24}    "In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice." *State v. Matthews,* 189 Ohio App.3d 446, 2010-Ohio-4153, 938 N.E.2d 1099, ¶ 39 (2d Dist.), citing *Strickland v. Washington*,

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* The errors must also have been "serious enough to create a reasonable probability that, but for the errors, the result of the trial or proceeding would have been different." *Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, at ¶ 13, citing *Strickland* at 688, and *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶ 25}** As was noted, R.C. 2929.18(B)(1) provides that "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."

**{¶ 26}** In *Lewis*, we rejected the argument that defense counsel had rendered ineffective assistance by failing to file an affidavit of indigency prior to sentencing. Like Edwards, the defendant in *Lewis* had qualified as indigent for purposes of obtaining court-appointed counsel. *Id.* at ¶ 15. We were not persuaded, however, because the trial court was aware of this fact when it found that Lewis could pay a fine. *Id.* at ¶ 16. In this regard, we stressed that:

> Although indigency for purposes of receiving appointed counsel could be sufficient for a court to waive a mandatory fine, that fact alone is not coextensive with a reasonable probability that the trial court would have waived the fine if his attorney had filed an affidavit. We have previously held that a finding of

indigence for purposes of appointed counsel does not shield the defendant from paying a fine. *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55 (citation omitted). "This is because the ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." *State v. Kelly*, 145 Ohio App.3d 277, 284, 762 N.E.2d 479, 483 (12th Dist.2001). *Lewis* at ¶ 16.

**{¶ 27}** We concluded that the facts in the case did not establish a reasonable probability that the defendant would be unable to pay a fine, "over time, after being released from prison." *Id.* at ¶ 17. We focused on the defendant's relative youth, his ability to understand the criminal charges and his plea, and the fact that he was able-bodied enough to manufacture drugs. *Id.*

**{¶ 28}** Similar facts exist in the case before us. Edwards was even younger than Lewis (being 32, as opposed to 41 years of age), was able to understand the charges and his plea agreement, and did not have any physical impediments that would preclude employment. In *Lewis*, we noted that:

> The fact that Lewis was indigent at the time of trial for purposes of hiring counsel says little about his future employability or ability to pay a fine after being released from prison. Although Lewis's indigency for purposes of obtaining counsel perhaps was not irrelevant to the fine issue, in this case it also was not enough to establish a reasonable probability that his fine would have been waived if counsel had filed an affidavit. As set forth above, the trial court was aware of Lewis's inability to hire an attorney when it found that he had the ability to pay a fine. It would be illogical, then, to hold that Lewis's indigency for purposes of

obtaining counsel was enough to create a reasonable probability that the trial court would have waived the fine if properly asked through an affidavit. (Footnote omitted.) *Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, at ¶ 22.

{¶ 29} The same reasoning applies to the case before us. Accordingly, trial counsel did not provide ineffective assistance of counsel when he failed to file an affidavit of indigency prior to the sentencing hearing.

{¶ 30} The Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 31} All of Edwards' assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J., concurs.

FAIN, P.J., concurring:

{¶ 32} I concur fully in both the opinion and judgment of the court. I write separately merely to clear up some confusion that may exist concerning the concepts of a cross-appeal and cross-assignments of error, and the differences between them.

{¶ 33} The concept of a cross-appeal is set out in App.R. 3(C):

*(1) Cross appeal required*. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.

*(2) Cross appeal not required.* A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal.

**{¶ 34}**   Thus, a party must invoke the jurisdiction of an appellate court, by filing a notice of appeal or a notice of cross-appeal, in order to seek appellate relief changing the judgment or order from which the appeal is taken (through reversal or modification of the judgment or order).   But if a party does not seek to change the judgment or order from which the appeal is taken, the party is not required to file an appeal or cross-appeal, even if the party seeks to defend the judgment or order on a ground other than the ground relied upon by the trial court.

**{¶ 35}**   The concept of cross-assignments of error is set forth in R.C. 2505.22:

In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part.   The time within which assignments of error by an appellee may be filed shall be fixed by rule of court.

**{¶ 36}**   Two aspects of cross-assignments of error are noteworthy.   One is that they are to be filed by an appellee who does not appeal – i.e., a party who is not seeking to change the judgment or order from which the appeal is taken.   The other is that the duty of the reviewing court to pass upon cross-assignments of error is only triggered if the judgment or order from which the appeal is taken is reversed in whole or in part.

**{¶ 37}**   These two aspects of cross-assignments of error indicate the nature of the appeals in which cross-assignments of error are applicable.   These are appeals in which the

appellee is content with the judgment of the trial court (and is therefore an appellee), but recognizes that the appellant may persuade the appellate court to reverse the judgment. By filing cross-assignments of error, the appellee is essentially telling the appellate court: "Look, I am perfectly happy with the judgment on appeal. But if you reverse it and remand the cause to the trial court, here is my list of procedural errors that the trial court committed, which would have the potential to prejudice me on remand." The cross-assignments of error only need to be considered if the appellate court reverses the judgment.

{¶ 38}    Or, consider an appeal in which the appellant argues that there is insufficient evidence in the record to support the judgment against him. The appellee is content with the judgment, but can assign as a cross-assignment of error that the trial court erred when it excluded certain evidence that the appellee sought to introduce. If, but only if, the appellate court decides that there is insufficient evidence in the record to support the judgment, it shall then proceed to consider the appellee's cross-assignment of error that certain evidence in his favor was improperly excluded, which would have the potential of furnishing the missing quantum of evidence, without which the evidence is insufficient to support the judgment in the appellee's favor.

{¶ 39}    In the case before us, the State, in arguing that the $1,500 fine imposed should have been $5,000, is seeking to change the judgment from which this appeal is taken. To have invoked our jurisdiction to modify the judgment, the State was obliged to file a notice of appeal or a notice of cross-appeal. Since it did not do so, we lack jurisdiction to change the judgment in the manner requested by the State.

. . . . . . . . . . . .

Copies mailed to:

Lisa M. Fannin
Rebekah Neuherz
Hon. Richard J. O'Neill