[Cite as *State v. Thompson*, 2013-Ohio-3200.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 9-13-04

      v.

DELREECE M. THOMPSON,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 12-CR-0153

Judgment Affirmed

Date of Decision: July 22, 2013

APPEARANCES:

    *Delreece M. Thompson*, Appellant

{¶1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶2} Defendant-Appellant, Delreece M. Thompson ("Thompson"), pro se, appeals the judgment of the Marion County Court of Common Pleas denying his motion to waive the court costs that were imposed when he was sentenced to prison for voluntary manslaughter. On appeal, Thompson contends that the trial court's imposition of such costs is in violation of R.C. 2929.19(B)(5) because he is indigent. For the reasons set forth below, the judgment is affirmed.

{¶3} On April 11, 2012, the Marion County Grand Jury issued a nine-count indictment charging Thompson with aggravated murder, murder, and having weapons while under disability, pertaining to the murder of Travell E. Smith. The indictment also included firearms and forfeiture specifications.

{¶4} Thompson filed an affidavit of indigency and was assigned court-appointed counsel. He entered an initial plea of not guilty.

{¶5} A plea agreement was reached whereby the State agreed to amend the indictment by changing Count 1 from aggravated murder to voluntary manslaughter and to dismiss all of the other charges, except for Count 5, having weapons while under disability, and the firearms and forfeiture specifications.

{¶6} On September 4, 2012, Thompson appeared in court and entered a plea of guilty to the remaining counts in the indictment after being advised of his

rights pursuant to Crim.R. 11. The trial court found him guilty, Thompson waived his right to a pre-sentence investigation, and they proceeded immediately with the sentencing hearing.

{¶7} The trial court sentenced Thompson to eight years in prison on the manslaughter count, three years in prison for having weapons while under disability, and an additional mandatory term of three years for the firearms specification. (Sep. 6, 2012 J.E. of Sentencing) The trial court ordered that the sentences be served consecutively for a total sentence of 14 years. Thompson was advised that he would be subject to post release control, and he was given credit for the 241 days of time served. The trial court further ordered that $4,248 in U.S. Currency should be forfeited to MARMET and the firearms were to be forfeited to the Marion Police Department. (*Id.*) "Costs and appointed attorney fees assessed." (*Id.*)

{¶8} On December 21, 2012, Thompson filed a "Motion to Waive the Imposed Court Costs or Fines," claiming that the trial court abused its discretion in assessing fines and court costs without any regard to his ability or inability to pay, in violation of R.C. 2929.19(B)(5). On December 28, 2012, the trial court filed a judgment entry denying Thompson's motion.

> This day this cause came on to be heard on Defendant's Motion to Waive Court cost or Fines previously filed herein. The Court finds said motion to be not well taken and is hereby overruled. Costs are to be paid by the Defendant.

(Dec. 28, 2012 J.E.)

**{¶9}** It is from this judgment that Thompson now appeals, pro se, raising the following assignment of error for our review. The State has not filed an Appellee's brief.

### Assignment of Error

**The trial court abused its discretion and violated the mandates of Ohio's law in assessing fines and court costs without any regard to [Thompson's] ability or inability to pay said fines and court costs, in violation of Ohio Revised code 2929.19(B)(5).**

**{¶10}** Thompson claims that because he was represented by court appointed counsel based upon his indigency status in the case, the trial court was aware that he was indigent and it erred when it ordered him to pay court costs or fines without taking into consideration his inability to pay. In his brief, Thompson represents that "before imposing the fines or court costs, the trial court had refused to make any express determination of whether [Thompson] was able or unable to pay a fine or court costs." He claims that he asked his appointed counsel to object, but that his counsel refused to do so.

**{¶11}** To clarify, we note that the record does not indicate that the trial court imposed any *fines* on Thompson – only *court costs*. The docket reflects that that there are $2,675.99 in court costs, which includes $2,500.55 in court-appointed attorney fees.

{¶12} R.C. 2929.19(B)(5) states that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." A hearing on a defendant's ability to pay is not required, nor is a court required to make findings. *State v. Edwards*, 2d Dist. No. 2012-CA-49, 2013-Ohio-1922, ¶ 16. "All that is required is that the trial court 'consider' a defendant's ability to pay." *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011–Ohio–633, ¶ 55 (citations omitted). "[A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine." *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004–Ohio–1313, ¶ 42. Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue. *Id*.; *State v. Lewis*, 2d Dist. No. 2011–CA–75, 2012–Ohio–4858, ¶ 9.

{¶13} The record clearly reflects that the trial court considered the matter when it reviewed Thompson's motion and filed its judgment entry denying the motion. A court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph four of the syllabus.

{¶14} However, the statute cited by Thompson refers to *financial sanctions*, such as restitution, and *fines*. The trial court ordered Thompson to pay costs – not

a financial sanction or a fine. The applicable statute in this case would be R.C. 2947.23(A)(1)(a), which states that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." (Emphasis added.) This Court has discussed this exact situation and held that a trial court has the authority to assess costs upon an indigent defendant so that in the event an indigent defendant ceases to be indigent in the future, the clerk can then collect costs pursuant to the procedure outlined in the statutes. *State v. Haynie*, 157 Ohio App.3d 708, 2004-Ohio-2452, ¶ 27.

{¶15} Furthermore, the Supreme Court of Ohio stated that "costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system." *Strattman v. Studt*, 20 Ohio St.2d 95 (1969). "Therefore, although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *Threatt*, 108 Ohio St. 277, ¶ 15.

> Costs must be assessed against all defendants. R.C. 2947.23; *White*, 103 Ohio St.3d 580, 817 N.E.2d 393, at ¶ 8. However, we also held in *White* that a judge has discretion to waive costs assessed against an indigent defendant. *Id.* at ¶ 14. Costs are assessed at sentencing and must be included in the sentencing entry. R.C. 2947.23. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be

reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata. Accordingly, the sentencing entry is a final appealable order as to the assessment of costs.

*State v. Threatt*, 2006-Ohio-905, ¶ 23.

**{¶16}** Thompson has failed to provide this Court with a copy of the transcript of the Sentencing Hearing for our review. Therefore, we do not know what happened in the proceedings below. In the absence of the transcript of sentencing hearing, this Court is unable to determine what was discussed concerning assessing court costs and Thompson's ability to pay. There is no evidence in the record that Thompson requested a waiver at the sentencing hearing, and we must presume the regularity of proceeding. *See State v. Call*, 3d Dist. No. 9-04-29, 2004-Ohio-5645, ¶ 12.

**{¶17}** Furthermore, Thompson did not raise an appeal from the final sentencing judgment entry. Therefore, Thompson's motion *after* sentencing was imposed was untimely and this matter is now barred by res judicata. *See Threatt*, *supra*. For all of the above reasons, Thompson's assignment of error is overruled.

**{¶18}** Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**