[Cite as *State v. Barker*, 2014-Ohio-3946.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

ANTHONY K. BARKER

     Defendant-Appellant


Appellate Case No.    26061

Trial Court Case No.   2013-CR-720


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of September, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. No. 0040615, 6581 Atterbury Court, Centerville, Ohio 45459
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}  Defendant-appellant, Anthony K. Barker, appeals from the sentence he received in the Montgomery County Court of Common Pleas following his guilty plea to possession of heroin and having a weapon while under disability.  For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2}  On June 5, 2013, Barker was indicted for one count of possessing cocaine in an amount less than five grams in violation of R.C. 2925.11(A), a felony of the fifth degree; one count of possessing heroin in an amount greater than 50 unit doses, but less than 100 unit doses, in violation of R.C. 2925.11(A), a felony of the third degree; and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(3), also a felony of the third degree. Barker pled guilty to possession of heroin and having a weapon while under disability, and the State dismissed the charge for possession of cocaine.

{¶ 3}  At sentencing, the trial court imposed a two-year prison sentence for possession of heroin to be served concurrently with a two-year prison sentence for having a weapon while under disability.  The trial court also suspended Barker's driver's license for two years and imposed a mandatory minimum fine of $5,000, plus court costs.  Barker now appeals from the trial court's sentence, raising one assignment of error for review.

### Assignment of Error

{¶ 4}  Barker's sole assignment of error is as follows:

ISSUE I.   WHETHER THE TRIAL COURT ERRED BY FAILING TO FULLY AND FAIRLY CONSIDER DEFENDANT'S SENTENCE AND ALL OF THE UNDERLYING FACTS AND CIRCUMSTANCES AND THEREBY VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE *FIFTH, EIGHTH*, AND *FOURTEENTH AMENDMENT* OF THE *UNITED STATES CONSTITUTION* AND *ARTICLE 1 SECTION 10* OF THE *OHIO STATE CONSTITUTION*.

**{¶ 5}**    Under his single assignment of error, Barker contends the trial court abused its discretion in imposing a two-year prison sentence and a $5,000 mandatory fine.   Specifically, Barker contends the trial court failed to fully and fairly consider all relevant factors at sentencing, including his need for drug rehabilitation, and thus claims his prison sentence does not comport with the purposes and principles of sentencing set forth in R.C. 2929.11 and R.C. 2929.12.   He also claims the trial court failed to consider his financial inability to pay the $5,000 fine.

**The Trial Court Did Not Err in Imposing a Two-Year Prison Sentence**

**{¶ 6}**    This court now applies R.C. 2953.08(G)(2) as the appellate standard of review for felony sentences.  *See State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). The statute states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may

take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)      That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)      That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶ 7}** The findings under the statutory provisions listed in division (a) of R.C. 2953.08(G)(2) are irrelevant to this case; therefore, the threshold issue is whether Barker's sentence is clearly and convincingly contrary to law.

**{¶ 8}** "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759 at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. The trial court need not make any specific findings in order to demonstrate its consideration of those factors, nor does it have to use the exact wording of the statute. *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8, citing *State v. Watkins*, 186 Ohio App.3d 619, 2010-Ohio-740, 929 N.E.2d 1072, ¶ 39 (2d Dist.).

**{¶ 9}** Barker concedes that the prison sentences he received following his guilty plea to possession of heroin and having a weapon while under disability were within the prescribed statutory range for third-degree felonies. Nevertheless, Barker challenges his prison sentence on

grounds that the trial court did not fully and fairly consider all relevant factors, specifically his need for rehabilitation, and thus claims his prison sentence is not in compliance with the purposes and principles of sentencing. We disagree with this contention. As the record indicates, the trial court expressly stated at the sentencing hearing that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors in R.C. 2929.11 and R.C. 2929.12. "[T]he need for * * * rehabilitating the offender" is one of the factors the trial court must consider under R.C. 2929.11.

{¶ 10} Furthermore, while the trial court is not required to make any specific findings at the sentencing hearing, it did note that Barker had four prior felony convictions for possessing cocaine and that he had already received a previous opportunity at a drug rehabilitation program. The court also noted that Barker had his community control sanctions revoked twice on those prior felonies. In addition, the court indicated that Barker had multiple misdemeanor convictions and ten outstanding warrants in the Dayton Municipal Court. Therefore, because Barker's two-year prison sentence is within the prescribed statutory range and the record sufficiently demonstrates that the trial court made the required considerations under R.C. 2929.11 and R.C. 2929.12, we conclude that his prison sentence is not clearly and convincingly contrary to law.

{¶ 11} We reiterate that we have reviewed Barker's sentence under the standard of review set forth in *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069. In *Rodeffer*, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is

correct.  *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1;

*State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1.   Regardless, in the

case before us, we find no error in the sentence imposed under either standard of review.


**The Trial Court Did Not Err in Imposing a $5,000 Fine**

**{¶ 12}**   Barker next claims the trial court abused its discretion in imposing a $5,000

mandatory, minimum fine, because the court failed to fully and fairly consider his indigency.

**{¶ 13}**   As a preliminary matter, we note that for a third-degree felony violation of R.C.

2925.11(A), such as Barker's, the sentencing court is required to impose a mandatory fine that is

specified under R.C. 2929.18(B)(1), unless the court determines that the offender is indigent.

R.C. 2925.11(E)(1)(a).   R.C. 2929.18(B)(1) provides that:

> For a first, second, or third degree felony violation of any provision of Chapter
>
> 2925 * * * of the Revised Code, the sentencing court shall impose upon the
>
> offender a mandatory fine of at least one-half of, but not more than, the maximum
>
> statutory fine amount authorized for the level of the offense pursuant to division
>
> (A)(3) of this section.  If an offender alleges in an affidavit filed with the court
>
> prior to sentencing that the offender is indigent and unable to pay the mandatory
>
> fine and if the court determines the offender is an indigent person and is unable to
>
> pay the mandatory fine described in this division, the court shall not impose the
>
> mandatory fine upon the offender.

**{¶ 14}**   In division (A)(3) of R.C. 2929.18, the maximum fine permitted for a

third-degree felony is $10,000.   Therefore, the mandatory minimum fine for a third-degree

felony violation of R.C. 2925.11(A) would be half that amount, or $5,000. R.C. 2929.18(B)(1).

**{¶ 15}** In *State v. Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, we held that:

> Although [the offender's] fine was mandatory under R.C. 2929.18, the trial court still was obligated by R.C. 2929.19(B)(5) to consider [the offender's] "present and future ability to pay." A hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. "All that is required is that the trial court 'consider' a defendant's ability to pay." *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55 (citations omitted). "[A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine." *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42. Under appropriate circumstances, a reviewing court may infer that a trial court considered the issue. *Id.*

*Lewis* at ¶ 9. *Accord State v. Edwards*, 2d Dist. Clark No. 2012-CA-49, 2013-Ohio-1922, ¶ 16. Among those circumstances in which a reviewing court may infer that the trial court considered an offender's present and future ability to pay is if the trial court reviewed "a presentence-investigation report, which includes information about the defendant's age, health, education, and work history." (Citation omitted.) *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 12 (2d Dist.).

**{¶ 16}** We review a trial court's decision on an offender's present and future ability to pay a mandatory fine for an abuse of discretion. *See Edwards* at ¶ 17; *State v. Wills*, 2d Dist. Montgomery No. 25357, 2013-Ohio-4507, ¶ 46. "A trial court abuses its discretion when it

makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 17} In this case, it is clear that pursuant to R.C. 2925.11(E)(1)(a) and R.C. 2929.18(B)(1), Barker was subject to a mandatory minimum fine of $5,000. Despite the trial court notifying Barker at the plea hearing that he would be subject to a fine of at least $5,000, the record does not indicate that Barker filed an affidavit with the court prior to sentencing alleging that he was indigent and unable to pay the fine. Regardless, the trial court stated in its judgment entry of conviction that it determined Barker was not an indigent person for the purpose of paying the fine. *See* Termination Entry (Jan. 15, 2014), Montgomery County Court of Common Pleas Case No. 2013 CR 00720, Docket No. 22, p. 1.

{¶ 18} In addition, the trial court fulfilled its duty under R.C. 2929.19(B)(5) by considering Barker's present and future ability to pay the fine. This is evidenced by the fact that the trial court indicated it had reviewed the presentence investigation report. Moreover, at the sentencing hearing, the trial court specifically considered the fact that Barker had claimed his offenses were a result of selling drugs to financially support his eight children. The court then weighed that claim against the fact that Barker had a large amount of child support arrearage. Additionally, the court considered Barker's age and his lack of physical infirmities and ultimately determined that there was nothing to prevent him from working and paying the fine. *See* Trans. (Dec. 10, 2013), p. 17. Based on the foregoing considerations, we do not find that the trial court abused its discretion in imposing the fine.

{¶ 19} Barker's sole assignment of error is overruled.

## Conclusion

{¶ 20}    Having overruled Barker's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Tiffany C. Allen
Richard A. Nystrom
Hon. Mary Katherine Huffman