[Cite as *State v. Reed*, 2025-Ohio-2969.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| TERESA REED | : | Case No. CT2025-0005 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CR2024-0674

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 August 18, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. PALMER                          APRIL F. CAMPBELL
27 North Fifth Street                     6059 Frantz Road
Zanesville, OH  43701                     Suite 206
                                          Dublin, OH  43017

*King, J.*

{¶ 1} Defendant-Appellant Teresa Reed appeals the December 19, 2024 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 7, 2024, The Central Ohio Drug Enforcement Task Force (CODE) made a controlled buy of methamphetamines from Reed at her home. The buy was for 3.89 grams, an amount of methamphetamine which exceeded the bulk amount, but was less than five times the bulk amount. The following day, a search warrant was executed at Reed's home where an additional 4.385 grams of methamphetamine and a small amount of cash was discovered.

{¶ 3} As a result of these events, on October 16, 2024 the Muskingum County Grand Jury returned an indictment charging Reed as follows:

{¶ 4} Count one: aggravated trafficking in drugs, a felony of the second degree, with a property forfeiture specification.

{¶ 5} Count two: illegal manufacture of drugs, a felony of the first degree, with property forfeiture specification.

{¶ 6} Count three: aggravated possession of drugs, a felony of the third degree, with a specification for forfeiture of money in a drug case.

{¶ 7} Count four: aggravated trafficking in drugs, a felony of the second degree with a forfeiture of property specification and a specification for forfeiture of money in a drug case.

{¶ 8}   At some point which is not clear from the record, the State amended count one to a felony of the third degree.

{¶ 9}   On October 23, 2024, Reed filed an affidavit of indigency for purposes of the appointment of counsel. On October 24, 2024 via judgment entry, the trial court determined Reed was in indigent circumstances and appointed defense counsel. The same day, Reed appeared before the trial court and entered pleas of not guilty to each count of the indictment.

{¶ 10} On December 13, 2024, counsel for Reed filed a motion to waive mandatory fines. Counsel argued that Reed was found indigent for purposes of appointed counsel, had been incarcerated for the pendency of the case, and would be serving a prison term.

{¶ 11} On December 16, 2024, following plea negotiations with the State, Reed appeared before the trial court for a change-of-plea hearing. Per signed plea agreement, Reed agreed to enter pleas of guilty to counts one and three of the indictment, felonies of the third degree, to forfeit her real property located on Putnam Avenue in Zanesville, Ohio, forfeit $145 in cash, and withdraw any previous motions filed in the case. In return, the State agreed to dismiss the balance of the indictment. The parties stipulated counts one and three did not merge.

{¶ 12} The trial court accepted Reed's pleas to count one, aggravated trafficking in drugs, and count three, aggravated possession of drugs, followed the agreement of the parties and imposed the agreed-upon aggregate sentence of 48 months. Each count also carried a mandatory fine of at least $5000 and a maximum of $10,000. The trial court imposed a $5000 fine on count one "because it is a trafficking count," and waived the fine on count three. Transcript of plea and sentence, December 16, 2024, 14-15. Counsel for

Reed then mentioned her motion to waive the mandatory fines. The trial court indicated it intended to impose the fine for the trafficking conviction. Counsel did not object, but rather responded that Reed was interested in a payment plan and would address that matter with the clerk's office. T. 17. On February 25, 2025, Reed sent a letter to the Muskingum County Clerk of Courts indicating she owed $5,733.82 in fines, fees and court costs and stating she desired to make monthly payments of $10 on that obligation. Docket item 44.

{¶ 13} Reed filed an appeal and the matter is now before this court for consideration. She raises one assignment of error as follows:

I

{¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT WAIVED ONE MANDATORY FINE DUE TO REED'S INDIGENCE BUT IMPOSED ONE ON A SEPARATE ACCOUNT."

{¶ 15} In her sole assignment of error, Reed argues the trial court abused its discretion when it waived one mandatory fine, but imposed the second. We disagree.

{¶ 16} We review the trial court's decision to impose a mandatory fine for an abuse of discretion. *State v. Barker*, 2014-Ohio-3946, ¶ 16 (2d Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process that would support that decision. *Id.* "It is not enough that the

reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 17} R.C. 2929.18(B)(1) is applicable to the fine imposed in this matter. That section states:

> (B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 18} The applicable fine here was a maximum of $10,000 and a minimum of $5,000 for each count. R.C. 2929.18(3)(c).

{¶ 19} Reed argues that because she filed an affidavit of indigency for purposes of appointment of counsel at the onset of her case she was indigent for purposes of a mandatory fine. In *State v. Davenport*, 2017-Ohio-688, however, the Second District

found "[B]eing indigent and being unable to pay are not the same . . . [A] finding of indigence for purposes of appointed counsel does not shield the defendant from paying a fine. . . This is because the ability to pay a fine over time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." *Id.* ¶ 33-35; accord *State v. Johnson*, 2021-Ohio-3380 (6th Dist.).

{¶ 20} As noted by the First District:

> Under the statute, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). The filing of an affidavit of indigency alone does not automatically entitle the offender to a waiver of the fine. *See id.* at 636 (determining that the defendant's indigency at the time of sentencing does not preclude the trial court from imposing a fine upon the defendant); *State v. Ficklin*, 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002, ¶ 13 (recognizing that " 'indigency' refers to a present financial ability and 'is unable to pay' encompasses a future ability to pay as well"). The trial court must consider both the offender's present and future ability to pay the fine. R.C. 2929.19(B)(5).

{¶ 21} *State v. Freeman*, 2018-Ohio-4973, ¶ 9 (1st Dist.).

{¶ 22} The trial court is not required to hold a hearing on the matter or make specific findings. *State v. Lewis*, 2012-Ohio-4858, ¶ 9 (2d Dist.) As long as the record contains an indication that the trial court considered the defendant's present and future ability to pay the fine, the fine is not contrary to law. *State v. Collier*, 2009-Ohio-4652, ¶ 11 (10th Dist.).

{¶ 23} Here we find the record reflects Reed has monthly income consisting of SSI. Further, she has already demonstrated her ability to pay small monthly installments by making arrangements with the Muskingum County Clerk of Courts to do so, even while incarcerated. See docket item 44. While Reed argues that the trial court cannot find her indigent and unable to pay the mandatory fine on one count, but yet order her to pay the mandatory fine on another count, she cites no authority to support her argument. Moreover, we find the trial court did not abuse its discretion in imposing a fraction of the fine it was authorized to impose.

{¶ 24} The sole assignment of error is overruled.

{¶ 25} The Judgment of the Muskingum County Court of Common Pleas is affirmed.


By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.