[Cite as *State v. Nobles*, 2016-Ohio-7529.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1273

    Appellee                              Trial Court No.  CR0201402780

v.

Jamal Nobles                               **DECISION AND JUDGMENT**

    Appellant                             Decided:  October 28, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant County Prosecuting Attorney, for appellee.

Daniel C. Arnold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 28, 2015 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to a total term of incarceration of 13 years

following appellant's felony convictions on one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree, and one count of participating in a criminal gang, in violation of R.C. 2923.42(A), a felony of the second degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Jamal Nobles, sets forth the following two assignments of error:

THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT AT SENTENCING BY IMPOSING FINANCIAL SANCTIONS WITHOUT CONSIDERATION OF APPELLANT'S PRESENT OR FUTURE ABILITY TO PAY.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO A 13 YEAR TERM OF INCARCERATION.

{¶ 3} The following undisputed facts are relevant to this appeal. On July 5, 2014, appellant, a longtime member of a local criminal gang, known as the "gangster disciple folk," became engaged in an altercation with an individual that appellant believed had taken narcotics from appellant's mother. The altercation worsened, appellant pulled out a loaded firearm, opened fire, and a bystander, Robert Harris, was shot and killed.

{¶ 4} On November 7, 2014, appellant was indicted on one charge of aggravated murder, in violation of R.C. 2903.02(B), along with associated firearm and criminal gang specifications. On July 31, 2015, pursuant to ongoing plea negotiations, appellant entered guilty pleas to one count of involuntary manslaughter, in violation of R.C.

2.

2903.04(A), a felony of the first degree, and one count of participation in a criminal gang, in violation of R.C. 2923.42(A), a felony of the second degree. A presentence investigation was ordered.

{¶ 5} On August 28, 2015, appellant was sentenced to a ten-year term of incarceration on the involuntary manslaughter conviction, a six-year term of incarceration on the criminal gang conviction, to be served concurrently, and a mandatory three-year consecutive term of incarceration for the associated firearm specification, for a 13-year total term of incarceration. This appeal ensued.

{¶ 6} In the first assignment of error, appellant maintains that the trial court erred in connection to the imposition of costs and financial sanctions against appellant. We do not concur.

{¶ 7} In support, although appellant concedes that the trial court was not required to conduct a hearing in order to determine appellant's ability to pay, appellant nevertheless argues without supporting authority that when imposing a 13-year prison term, the court should have conducted a separate inquiry or hearing in connection to the financial sanctions.

{¶ 8} There are various categories of costs which a trial court can order the appellant to pay: prosecution costs, confinement costs, costs of assigned counsel, and costs of supervision. *State v. Neal*, 6th Dist. Lucas No. L-14-1276, 2016-Ohio-854, ¶ 15.

3.

{¶ 9} Under Ohio law, in order for the cost of confinement to be imposed, the trial court must, "[C]onsider the offender's present and future ability to pay the amount of the sanction or fine." *Id.* at ¶ 15. Similarly, the imposition of the costs of assigned counsel also requires the trial court to consider the appellant's ability to pay. *Id.* at ¶ 16. Lastly, it is well-established that sentencing courts need not conduct a hearing on the matter and the finding will be upheld so long as the record encompasses some supporting clear and convincing evidence. *Id.*

{¶ 10} In applying these controlling guidelines to the first assignment of error, we first note that the imposition of the costs of prosecution is mandatory on all those convicted, regardless of indigency considerations. R.C. 2947.23(A)(1).

{¶ 11} With respect to the remaining disputed costs, in which ability to pay must be considered, we note that the record reflects that appellant will have served the sentence and be released from prison when appellant is approximately 39 years of age. The record reflects appellant to be able-bodied, attended school through the 12th grade, is literate, and possesses no known issues which would prohibit appellant's ability to obtain employment upon release. Wherefore, we find appellant's first assignment of error to be not well-taken.

{¶ 12} In appellant's second assignment of error, appellant contends that the felony felony sentence imposed in this matter was unlawful. We do not concur.

{¶ 13} It is well-established that appellate court review of a disputed felony sentence is not conducted pursuant to an abuse of discretion analysis. Rather, R.C.

4.

2953.08(G)(2) statutorily governs felony sentence review. Pursuant to R.C. 2953.08(G), the record of evidence must be reviewed in order to ascertain whether the disputed felony sentence was clearly contrary to law or clearly and convincingly based upon relevant statutory findings not supported by the record. *State v. Tammerine*, 6th Dist. Lucas. No. L-13-1081, 2014-Ohio-425, ¶ 21.

{¶ 14} Pursuant to R.C. 2929.14(A)(1), the permissible maximum term of incarceration for a first degree felony, such as the involuntary manslaughter conviction in this case, is 11 years. Thus, the ten-year term of incarceration imposed in this case falls within the permissible range and is not contrary to law. Pursuant to R.C. 2929.14(A)(2), the permissible maximum term of incarceration for a second-degree felony, such as the criminal gang participation conviction in this case, is eight years. Thus, the six-year term of incarceration imposed in this case falls within the permissible range and is not contrary to law. Lastly, the three-year consecutive term of incarceration for the firearm specification is mandatory as imposed. R.C. 2941.145.

{¶ 15} The record reflects that the trial court properly applied post-release control and considered the factors of this case, all victim impact testimony, and the presentence investigation report.

{¶ 16} In conjunction with the above, we further find that the record reflects that none of the potentially applicable statutory findings set forth in R.C. 2953.08(G)(2) are present in this case.

5.

{¶ 17} R.C. 2929.13(B) applies to fourth or fifth degree felony cases. This case entails first and second degree felony offenses. As such, those statutory findings are not relevant to this case. R.C. 2929.13(D) pertains to necessary findings in cases in which a prison term is not imposed in a second-degree felony case. A prison term was imposed for the second degree felony in this case, thus those statutory findings are not relevant to this case.

{¶ 18} R.C. 2929.14(B)(2)(e) pertains to the sentencing of repeat violent offenders. This case does not encompass a repeat violent offender specification. As such, those statutory findings are not relevant to this case. R.C. 2929.14(C)(4) pertains to the imposition of consecutive sentences. Appellant's sentence was imposed on a concurrent basis. As such, those statutory findings are not relevant to this case. Lastly, R.C. 2929.20(I) pertains to judicial release hearings. This case does not encompass a judicial release hearing. As such, those statutory findings are not relevant to this case.

{¶ 19} Based upon the foregoing, we find that the disputed sentence was not clearly and convincingly based upon relevant statutory findings not supported by the record and was not otherwise clearly contrary to law. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        

                                          
_____
                                                JUDGE

Thomas J. Osowik, J.        

                                          
_____
James D. Jensen, P.J.                               JUDGE
CONCUR.

                                          
_____
                                                JUDGE

7.