[Cite as *State v. Nierman*, 2017-Ohio-672.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-15-020

       Appellee                              Trial Court No. 2014-CR-000061

v.

James Nierman                              **DECISION AND JUDGMENT**

       Appellant                              Decided:  February 24, 2017

* * * * *

Nancy L. Jennings, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} This is an appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Defendant-appellant, James C. Nierman, appeals the May 13, 2015 judgment of the Ottawa County Court of Common Pleas.  For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On June 19, 2014, Nierman was indicted on six counts of rape and six counts of sexual battery in connection with his abuse of his stepdaughter, with whom he fathered three children. On March 2, 2015, Nierman entered a plea of guilty to three counts of sexual battery, violations of R.C. 2907.03(A)(5), third-degree felonies. The trial court sentenced him to a term of 60 months' incarceration as to each count, to be served consecutively, for a total term of 180 months, and it ordered Nierman to register as a Tier III sex offender. His sentence was memorialized in a judgment entry dated May 13, 2015. Nierman filed a notice of appeal, and appellate counsel was appointed.

{¶ 3} Appointed counsel submits that she has thoroughly reviewed the record and researched the legal issues presented, but finds no error in the proceedings below. She seeks leave to withdraw from Nierman's representation under *Anders*.

{¶ 4} *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Furthermore, counsel must furnish his client with a copy of the brief and request to

2.

withdraw from representation, and allow the client sufficient time to raise any matters that he chooses. *Id.*

{¶ 5} Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 6} Here, counsel has identified three potential assignments of error for our review:

I. THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S PLEA.

II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IMPOSING SENTENCE UPON DEFENDANT.

III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS FOR IMPROPER VENUE.

## II. Law and Analysis

### A. The Trial Court's Acceptance of Nierman's Plea

{¶ 7} Nierman's first potential assignment of error suggests that the trial court failed to comply with Crim.R. 11(C) in accepting his plea. Counsel has concluded that this potential assignment of error is without merit.

3.

**{¶ 8}** Crim.R. 11(C) provides, in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 9}** As we explained in *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17-18:

> The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard,* 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard, supra, paragraph two of the syllabus*. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

> For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

5.

**{¶ 10}** We have carefully reviewed the transcript from the plea hearing and we conclude that in accepting Nierman's plea, the trial court strictly complied with the constitutional aspects of Crim.R. 11(C) and substantially complied with the non-constitutional aspects of that rule. Accordingly, we find Nierman's first potential assignment of error not well-taken.

## B. Nierman's Sentence

**{¶ 11}** Nierman's second potential assignment of error suggests that the trial court may have abused its discretion in imposing Nierman's sentence. Again, counsel has concluded that this potential assignment of error is without merit.

**{¶ 12}** We do not review sentencing challenges under an abuse-of-discretion standard; rather, we apply R.C. 2953.08(G)(2). *State v. Nobles*, 6th Dist. Lucas No. L-15-1273, 2016-Ohio-7529, ¶ 13. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

6.

{¶ 13} Of the provisions listed in R.C. 2953.08(G)(2)(a), only R.C. 2929.14(C)(4) is applicable here. R.C. 2929.14(C)(4) governs the imposition of consecutive sentences and provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

7.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 14}** "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing," and because a court speaks through its journal, it "should also incorporate its statutory findings into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. The trial court is not obligated to state the reasons supporting its findings, however, and the imposition of consecutive sentences will be upheld so long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and the evidence supports the court's findings. *Id.* at ¶ 27, 29.

Here, the trial court explained its rationale for imposing consecutive sentences:

The Court finds that consecutive service is necessary to protect the public from future crime and punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that you pose to the public.

The Court further finds that two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or so unusual that no single prison term for any of those offenses committed as part of the conduct adequately reflects the seriousness of your conduct.

**{¶ 15}** The court's findings are also incorporated in its sentencing judgment entry. We, therefore, find that the trial court made the appropriate findings before imposing consecutive sentences under R.C. 2929.14(C)(4).

**{¶ 16}** We now turn to R.C. 2953.08(G)(2)(b). As we recognized in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16, we still utilize *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, in determining whether a sentence is clearly and convincingly contrary to law. In *Kalish*, the Supreme Court of Ohio held that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *Kalish* at ¶ 18.

**{¶ 17}** Under R.C. 2929.14(A)(3)(a), for a felony of the third degree that is a violation of R.C. 2907.03, the court shall impose a prison term of 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. Nierman's 60-month sentences are within the statutory range. The record also makes clear that the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. We find no error in the sentence imposed by the trial court.

**{¶ 18}** We conclude that the record establishes that the trial court made the required findings and those findings are supported by the record. Accordingly, we find Nierman's second proposed assignment of error not well-taken.

9.

### C. Denial of Nierman's Motion to Dismiss for Improper Venue

{¶ 19} Nierman's third potential assignment of error suggests that the trial court erred in denying his motion to dismiss for improper venue. As with the other two proposed assignments of error, counsel has concluded that this potential assignment of error is without merit.

{¶ 20} Four out of twelve of the counts in the indictment against Nierman allege conduct that occurred in Lucas County. Two of the three counts to which he entered a guilty plea allege conduct in Lucas County. Nierman moved the lower court to dismiss those counts of the complaint alleging conduct in Lucas County. The court denied the motion to dismiss, finding that the state established that Nierman's rape of his stepdaughter was part of a continuing course of conduct.

{¶ 21} Venue is not a material element of any offense charged, but it is nevertheless a fact which must be proved beyond a reasonable doubt in all criminal prosecutions unless it is waived by the accused. (Citations omitted.) *State v. Rivera*, 6th Dist. Lucas No. L-13-1177, 2014-Ohio-2690, ¶ 9. We have recognized that "[a] defendant's plea of guilty precludes his right to challenge the factual issue of venue." (Citations omitted) *Id.* Because Nierman entered a plea of guilty, we find that he has waived his right to challenge venue.

{¶ 22} Accordingly, we find Nierman's third proposed assignment of error not well-taken.

10.

### D. *Anders*

{¶ 23} In accordance with *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, appointed counsel has requested permission to withdraw from this case. She has provided a certification verifying that she made a conscientious review of the case, found the appeal to be wholly frivolous, filed a brief on Nierman's behalf identifying proposed assignments of error, and mailed the brief to Nierman along with a letter informing him that he has the right to file his own brief. Nierman did not file a brief. Counsel's motion to withdraw is found well-taken and is, hereby, granted.

{¶ 24} Finally, in addition to considering the issues raised by counsel, we have conducted our own independent review of the record and we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous.

### III. Conclusion

{¶ 25} The May 13, 2015 judgment of the Ottawa County Court of Common Pleas is affirmed and counsel's motion to withdraw is granted. Nierman is ordered to pay the costs of this appeal under App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

Arlene Singer, J.　　　　　　　　　

　　　　　　　　　　　　　　　　　　　　_____
James D. Jensen, P.J.　　　　　　　　　JUDGE
CONCUR.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE