[Cite as *State v. Johnson*, 2021-Ohio-3380.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                           Court of Appeals No. S-20-037

      Appellee                                       Trial Court No.  19CR1155

v.

Stephan L. Johnson                                **DECISION AND JUDGMENT**

      Appellant                                      Decided:  September 24, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

John F. Potts, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an November 2, 2020 judgment of the Sandusky

County Court of Common Pleas, sentencing appellant to a six-year term of incarceration

on one count of trafficking in heroin, in violation of R.C. 2925.03(A), a felony of the

second degree, and a two-year term of incarceration on one count of having weapons while under a disability, in violation of R.C. 2923.13(A), a felony of the third degree, with the sentences ordered to run concurrently. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Stephan Johnson, sets forth the following two assignments of error:

I. IT CONSTITUTED ERROR TO DENY WAIVER OF THE MANDATORY $7500.00 FINE WITHOUT HOLDING A HEARING.

II. IT IS CONTRARY TO LAW TO SENTENCE DEFENDANT TO SIX (6) YEARS OF MANDATORY INCARCERATION.

{¶ 3} The following undisputed facts are relevant to this appeal. On December 12, 2019, appellant, who possesses a criminal history of predominantly drug and alcohol related offenses, was stopped by the Fremont Police Department. Appellant was driving a motor vehicle while under a license suspension and did not own the vehicle that he was driving.

{¶ 4} During the traffic stop in this case, approximately $1,223.00 in cash was recovered from appellant's person. A search warrant was then obtained for appellant's residence. In the course of the ensuing search, 60 grams of heroin and a 9mm handgun equipped with a silencer were recovered, reflective of appellant's unlawful activities.

2.

{¶ 5} The presentence investigation report prepared in the course of this matter encompasses considerable factual information regarding appellant relevant to our disposition of this case.

{¶ 6} On March 20, 2020, appellant was indicted on one count of heroin possession, in violation of R.C. 2925.11(A), a felony of the first degree, one count of trafficking in heroin, in violation of R.C. 2925.03(A), a felony of the first degree, and one count of possession of weapons while under disability, in violation of R.C. 2923.13(A), a felony of the third degree.

{¶ 7} On September 8, 2020, pursuant to a negotiated plea agreement, appellant entered guilty pleas to one count of the lesser included offense of trafficking in heroin, in violation of R.C. 2925.03(A), as reduced to a felony of the second degree, and to the count of possession of weapons while under disability, in violation of R.C. 2923.13(A), a felony of the third degree. In exchange, the remaining first degree felony possession of heroin offense was dismissed. The case was referred by the trial court for preparation of a presentence investigation report.

{¶ 8} On October 27, 2020, the case proceeded to sentencing. The trial court reviewed and considered the record of evidence, including the presentence investigation report, and heard from all parties.

{¶ 9} Appellee conveyed to the court, "The Defendant has prior felony offenses, including prior offenses of possession. It mentions a heroin conviction in 2016. He's

3.

previously been on community control from this Court and had a number of probation violations."

{¶ 10} Counsel for appellant stated, in relevant part, "[H]e's not going to get many more breaks. He does have a significant record * * * [W]e always defer to the Court to fashion an appropriate sentence. I would ask the Court to run the two charges concurrent."

{¶ 11} Appellant directly stated to the court on his own behalf, "I know I made mistakes. I know I'm in trouble for it right now * * * *You know, I worked four years prior to this. I was still working when I got in trouble* [for these offenses]." (Emphasis added).

{¶ 12} Ultimately, the trial court determined that, "The Court will also find that Defendant has not been rehabilitated * * * and *has not responded favorably to sanctions previously imposed for criminal convictions*." (Emphasis added).

{¶ 13} The court further noted that, "[D]efendant seems to deny that there is an issue when he enters substance treatment, and the Court will also find that Defendant does not show any genuine remorse for the offense."

{¶ 14} The trial court sentenced appellant to a mandatory six-year term of incarceration on the trafficking in heroin conviction, ordered to be served concurrently, as requested by appellant, to the two-year term of incarceration imposed on the accompanying possession of weapons while under disability conviction.

4.

{¶ 15} The trial court next considered appellant's motion for a full waiver of the mandatory statutory fine based upon claimed indigency, along with the supporting affidavit.

{¶ 16} The trial court concluded, "The Court has considered the memorandum, information and Affidavit * * * [T]he Court is going to deny that the Defendant be relieved of that mandatory fine obligation."

{¶ 17} The trial court determined that the evidence showed that appellant is 31-years-old, educated, in good health, on no medications, and not under any medical treatment, "[T]he Court sees no reason why the defendant should be found indigent."

{¶ 18} R.C. 2929.18(A)(3)(b) authorizes the trial court to impose a maximum fine of $15,000.00 for a second degree felony conviction such as the one in this case. The trial court imposed a fine of $7,500.00, half of the statutorily authorized amount.

{¶ 19} This appeal ensued.

{¶ 20} In the first assignment of error, appellant argues that the trial court erred in denying appellant's motion for a full fine waiver, "[W]ithout holding a [separate] hearing to determine whether defendant was indigent." We do not concur.

{¶ 21} In support of the first assignment, appellant expressly asserts that the imposition of the fine should be considered improper given that appellant was unemployed at the time of sentencing, provides financial support for "[A]t least five (5)

minor children, and the $1,223.00 in cash recovered from appellant's person was subject to forfeiture." We are not convinced.

{¶ 22} R.C. 2929.19(B)(5) establishes that, "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

{¶ 23} Appellant's dispute of the fine in this case is subject to the abuse of discretion standard of review on appeal. *State v. Barker*, 2d Dist. Montgomery No. 26061, 2014-Ohio-3946, ¶ 16.

{¶ 24} Demonstration of an abuse of discretion mandates more than showing a mere error in law or judgment. Rather, it must be shown that the disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 25} We are guided in our consideration of this matter by the considerations that were undertaken by the Second District in the analogous case of *State v. Davenport*, 85 N.E.3d 443, 2017-Ohio-688.

{¶ 26} In *Davenport*, the trial court similarly imposed a $7,500.00 mandatory statutory pursuant to R.C. 2929.18 following appellant's conviction for one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the second degree.

6.

{¶ 27} Comparable to the instant case, in *Davenport* it was likewise argued on appeal that the fine was improper both due to not conducting a separate ability to pay hearing and indigency claims.

{¶ 28} With respect to conducting a separate hearing, as held at ¶ 31 in *Davenport*, "*A hearing on a defendant's ability to pay is not required*. Nor is a court required to make findings. All that is required is that the trial court consider a defendant's ability to pay * * * [A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine * * * [A] reviewing court may infer that a trial court considered the issue." (Emphasis added).

{¶ 29} As regards claims of indigency, as a basis to dispute the R.C. 2929.18 statutory fine imposed, the *Davenport* court clearly held at ¶ 33-35, "*[B]eing indigent and being unable to pay are not the same * * * [A] finding of indigence for purposes of appointed counsel does not shield the defendant from paying a fine * * * This is because the ability to pay a fine over time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings.*" (Emphasis added).

{¶ 30} The *Davenport* court further noted in regards to indigency considerations, at ¶ 34, that trial courts can properly consider the issue, "*[B]y reviewing a pre-sentence investigation report that contains enough pertinent information.*" (Emphasis added).

{¶ 31} As applied to the instant case, the record of evidence, including the detailed presentence report, reflects that appellant is able-bodied, is a high school graduate, has

7.

taken coursework in the skilled trades at Terra Community College, is literate, in good health, and will be approximately 37-years-old upon release.

{¶ 32} The presentence report further showed that appellant possessed gainful, full-time employment at the time of his arrest in this case and reflected appellant's ability to obtain gainful employment with multiple employers throughout Ohio.

{¶ 33} In *State v. Nobles*, 6th Dist. Lucas No. L-15-1273, 2016-Ohio-7529, this court concluded at ¶ 11, under comparable considerations, "The record reflects that appellant will have served the sentence and be released from prison when appellant is approximately 39 years of age. The record reflects appellant to be able-bodied, attended school through the 12th grade, is literate, and possesses no known issues which would prohibit appellant's ability to obtain employment upon release."

{¶ 34} Similarly, this court held in *State v. Neal*, 6th Dist. Lucas No. L-14-1276, ¶17, "Appellant is twenty-one years old, healthy, and possesses a successful employment history * * * There is nothing demonstrating an inability of appellant to be gainfully reemployed upon release."

{¶ 35} Accordingly, upon an application of the above-discussed applicable statutes and precedent to the facts and circumstances of this of this case, the record encompasses ample evidence, as clearly reflected in the presentence investigation report, of appellant's ability to pay the R.C. 2929.18 felony fine.

8.

{¶ 36} We find that the imposition of the statutory fine was not unreasonable, arbitrary, or unconscionable. Appellant's first assignment of error is found not well-taken.

{¶ 37} In the second assignment of error, appellant summarily concludes that the six-year term of incarceration imposed in this case was contrary to law. We do not concur.

{¶ 38} In support of the second assignment, appellant emphasizes that the six-year term of incarceration imposed was greater than the five-year term of incarceration recommended by the prosecution at sentencing. Appellant then concludes that, "The court below *gave no significant consideration to defendant's need for [drug and alcohol] rehabilitation*." (Emphasis added). The record of evidence runs counter to appellant's position.

{¶ 39} R.C. 2953.08(G)(2) governs appellate felony sentence review. As held by this court in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶11, "R.C. 2953.08(G)(2) establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either * * * that the record does not support the sentencing court's [relevant statutory] findings * * * [or] that the sentence is otherwise contrary to law."

{¶ 40} Appellant maintains that the sentence was unlawful through the unilateral claim that the trial court did not properly consider appellant's need for substance

9.

rehabilitation. Appellant's position appears rooted in the notion that appellant should have been placed in substance treatment, in lieu of incarceration, as the trial court has done with appellant on prior occasions.

{¶ 41} R.C. 2929.14 (2)(a) establishes that for second degree felony convictions, such as appellant's conviction for heroin trafficking in this case, "[T]he prison term shall be an indefinite term with the stated minimum term selected by the court of two, three, four, five, six, seven, or eight years."

{¶ 42} Thus, the record clearly shows that appellant's non-maximum, six-year prison term fell well within the permissible statutory range. The record further reflects that the trial court made no relevant statutory findings without supporting clear and convincing evidence from the record.

{¶ 43} With respect to appellant's generic claim that the sentence should be construed as unlawful based upon the alleged failure of the trial court to adequately consider appellant's "need for rehabilitation," we find that the record of the proceedings from below clearly refutes this position.

{¶ 44} Contrary to appellant's characterization, the record reflects that the trial court explicitly considered, focused upon, and commented upon, appellant's substance use issues in connection to crafting appellant's sentence.

{¶ 45} The trial court concluded that the record of evidence demonstrated that appellant, "[H]as not been rehabilitated * * * and has not responded favorably to sanctions previously imposed for criminal convictions."

{¶ 46} The record reflects that the trial court clearly considered appellant's need for rehabilitation.

{¶ 47} More importantly, as held in *State v. Jones*, 163 Ohio St.3d 242, 169 N.E.3d 649, 2020-Ohio-6729, ¶ 42, "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Accord State v. Pyle*, 6th Dist. Sandusky No. S-20-023, 2021-Ohio-1075, ¶ 21.

{¶ 48} Thus, pursuant to *Jones*, even assuming arguendo that an appellate court does not concur with a disputed trial court sentence, in circumstances such as those presented in this case, it nevertheless would fail to warrant granting the assignment and remanding the case for resentencing.

{¶ 49} On consideration whereof, we find that appellant has failed to demonstrate that the felony sentence in this case was contrary to law. As such, we find appellant's second assignment of error not well-taken.

11.

**{¶ 50}** Wherefore, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            

                                                    _____
                                                                   JUDGE
Gene A. Zmuda, P.J.            

                                                    _____
Myron C. Duhart, J.                                           JUDGE
CONCUR.

                                                    _____
                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.