[Cite as *State v. Lieb*, 2023-Ohio-574.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No.  E-22-025

      Appellee                                       Trial Court No.  2021-CR-141

v.

Adam Lieb                                             **DECISION AND JUDGMENT**

      Appellant                                      Decided:  February 24, 2023

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Adam Lieb, appeals the April 29, 2022 judgment of the Erie

County Court of Common Pleas sentencing him to 36 months in prison and a $7,500 fine

for a violation of R.C. 2907.21 (A)(3)(a) and (C), Compelling Prostitution (Count 11 of the indictment), 18 months in prison and a $2,500 fine for a violation of R.C.2923.02(A) and R.C. 2907.21(A)(1) and (C), Attempted Compelling Prostitution (Count 5 of the indictment, as amended) and to 18 months in prison and a $2,500 fine for an additional violation of R.C.2923.02(A) and R.C. 2907.21(A)(1) and (C), Attempted Compelling Prostitution (Count 12 of the indictment, as amended).  Counts 11 and 12 were ordered to be served concurrently to each other but consecutive to Count 5, for an aggregate term of incarceration of 54 months in prison and a fine of $10,000.

{¶ 2} The reasons that follow, we affirm the decision of the trial court.

{¶ 3} Appellant presents two assignments of error for our consideration. Appellant's first assignment of error states:

1.  The trial court committed error by imposing fines without finding appellant had the means or ability to pay.

{¶ 4} Appellant concedes that R.C. 2929.18 establishes that financial sanctions may be imposed on an offender at sentencing.  Lieb also makes no argument that the court failed to make the necessary and proper findings that he had the ability to pay the financial sanctions.  There was no objection made before the trial court concerning the imposition of the fines and court costs and Lieb makes no such objection in his appeal to this court.

2.

**{¶ 5}** Appellant's only objection to the imposition of the fines and court costs are that these findings concerning his ability to pay the financial sanctions made by the trial court at the sentencing hearing are not reflected in the judgment entry of sentencing. The judgment entry of sentencing does not assess costs with any particularity but simply checks off a box captioned "Defendant shall pay all court costs in this case."

**{¶ 6}** Clearly, there is a discrepancy between the sentencing hearing transcript and the sentencing entry as it concerns an explicit finding made by the trial court of Lieb's ability to pay the financial sanctions.

### Analysis

**{¶ 7}** Court costs, costs, or costs of this action means any costs that the Revised Code requires a court to impose upon an offender who has been convicted. *State v. Bricker*, 6th Dist. Fulton No. F-21-013, 2022-Ohio-3494, ¶ 25, citing *State v. Lantz*, 6th Dist. Fulton No. F-18-011, 2019-Ohio-3307.

**{¶ 8}** The costs of prosecution are mandatory, pursuant to R.C. 2947.23(A)(1), and trial courts are obligated to impose the costs of prosecution irrespective of a defendant's ability to pay. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. *See also State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13. Other costs, such as the costs of confinement, are not mandatory but may be imposed after the trial court finds the defendant has the ability to pay. *See* R.C. 2929.18(A)(5)(a)(ii); *State v. Lincoln*, 6th Dist. Lucas No. L-15-1080, 2016-Ohio-1274, ¶ 14.

3.

{¶ 9} Before imposing a financial sanction under R.C. 2929.18, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine. A trial court is not required to expressly state that it considered a defendant's ability to pay a fine nor is a court is required to make findings of Lieb's ability to pay. All that is required is that the trial court consider his ability to pay.

{¶ 10} And, although preferred on appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 29, citing *State v. Berry,* 4th Dist. Scioto No. 04CA2961, 2006-Ohio-244, ¶ 43.

{¶ 11} A reviewing court may infer that a trial court considered the issue. *State v. Johnson*, 6th Dist. Sandusky Case No. S-20-037, 2021-Ohio-3380, ¶ 28. An appellate court will look to the totality of the record to determine whether the requirement has been satisfied. *Id.*

{¶ 12} In this case, the court engaged in a direct colloquy with appellant about information contained in the Presentence Investigation Report. The court confirmed with Lieb that he had been employed as a probation officer with the Sandusky Municipal Court for almost 20 years, that he had no disabilities and that he did not have a bachelor degree but was two years away from obtaining his degree in Criminal Justice. The court further verified that at the time of sentencing, he had obtained full-time employment earning $15 per hour and that he was 40 years old. The court also inquired as to checking

4.

and savings accounts that were held by appellant and that he was married and had two minor children. The court also confirmed with Lieb the nature of any existing financial obligations such as mortgage and car payments.

{¶ 13} The record in this case demonstrates that the trial court adequately considered present and future ability of Lieb to pay the fines and court costs imposed in these cases. Upon a review of the record, we find appellant's first assignment of error to be not well-taken and denied.

{¶ 14} Appellant's second assignment of error states:

2. The trial court committed error by considering alleged victims who were not linked to proven violation of law.

{¶ 15} Lieb argues that since he entered pleas on Counts 5 (Victim1), 11 and 12 (a minor, Victim 3) the court erred in considering statements from Victim 2 whose charges were dismissed as part of a plea agreement.

{¶ 16} Appellant acknowledges that a victim may make a statement before sentencing pursuant to R.C. 2930.13. However, he argues that since the counts involving Victim 2 were dismissed as part of the plea agreement, this victim does not meet the statutory definition of a victim pursuant to R.C. 2930.01(H).

{¶ 17} That section states:

H) "Victim" means either of the following:

(1) A person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings to which this chapter makes reference.

{¶ 18} Appellant ignores that Victim 2 is specifically identified in Count 9 of the indictment and would clearly fit within this statutory definition. Therefore, appellant's claim that Victim 2 is not a victim under this statute is meritless.

{¶ 19} Regardless, this court has addressed this precise issue in *State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949 ¶ 29 where we held:

Ohio law directs that a sentencing court is not confined to considering the evidence that strictly relates to the conviction offense because the court is no longer concerned with the narrow issue of guilt. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.). Indeed, we have recognized that sentencing courts may consider a broad range of otherwise inadmissible evidence, including "charges that were reduced or dismissed under a plea agreement." *State v. Thompson*, 6th Dist. Sandusky No. S-11-052, 2013-Ohio-1594, ¶ 42, citing *State v. Degens*, 6th Dist. Lucas No. L-11-1112, 2012-Ohio-2421, ¶ 19; *State v. Robbins*, 6th Dist. Williams No. WM-10-018, 2011-Ohio-4141, ¶ 9; *State v. Banks*, 10th Dist.

6.

Franklin Nos. AP-1065, 10AP-1066, and Franklin Nos. 10AP-1067, 2011-Ohio-2749, ¶ 24; *State v. Johnson*, 7th Dist. Mahoning No. 10 MA 32, 2010-Ohio-6387, ¶ 26.

**{¶ 20}** Therefore, the trial court's consideration of facts and statement of the victim pertaining to the dismissed charges was permissible.

**{¶ 21}** Appellant argues that our holding *Boswell* is unfair and its application is contrary to a presumption of innocence in dismissed charges. That broad-brush argument is seriously flawed and we are not persuaded to re-visit our holding in that case. Accordingly, we find appellant's second assignment of error to be not well-taken and denied.

## Conclusion

**{¶ 22}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.