[Cite as *State v. Saxer*, 2023-Ohio-3548.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                            Court of Appeals No.  WM-22-007

       Appellee                                        Trial Court No.  22CR000022

v.

Alexander J. Saxer                                   **DECISION AND JUDGMENT**

       Appellant                                       Decided:  September 29, 2023

* * * * *

Katherine J. Zartman, Williams County
Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Alexander Saxer appeals the judgment of the Williams County

Court of Common Pleas convicting him of one count of illegal conveyance of drugs onto

the grounds of a detention facility.  Saxer asserts that the trial court's imposition of an 18-

month prison sentence is clearly and convincingly not supported by the record.  Further,

he contends that the trial court erred in imposing a fine and ordering him to pay the costs

of court-appointed counsel without making a finding of his ability to pay. For the reasons that follow, the judgment is affirmed, in part, and reversed, in part.

## I. Factual Background and Procedural History

{¶ 2} On September 26, 2022, Saxer pleaded guilty to the single count of illegal conveyance of drugs onto the grounds of a detention facility in violation of R.C. 2921.36(A)(2) and (G)(2), a felony of the third degree. The trial court accepted Saxer's plea, found him guilty, and continued the matter for the preparation of a presentence investigation report.

{¶ 3} At the start of the sentencing hearing on November 9, 2022, the state suspected that Saxer was under the influence of alcohol or drugs. The trial court recessed the hearing to allow for a drug screen, which revealed that Saxer had a .172 blood alcohol content and his urine screen tested positive for THC and cocaine. Saxer admitted to having smoked marijuana over the weekend and having had a few drinks before his sentencing hearing, but he was confused by the positive test for cocaine.

{¶ 4} In mitigation, counsel for Saxer noted his significant substance abuse issues. Counsel argued that Saxer needed treatment and advocated for the imposition of community control. Counsel stated that Saxer had strong family support, lived with his mother, and worked for the family painting business.

{¶ 5} Saxer also spoke in mitigation. He explained that he struggles with addiction and sometimes gets overwhelmed and turns to drugs. He stated that he has been on probation in another court for almost three years and has not had any problems

2.

except for the current charge. Saxer noted that he has a full-time job and has paid off all of his restitution and is paying off his court fines.

{¶ 6} In imposing sentence, the trial court expressly stated that it considered the principles and purposes of sentencing and the relevant factors contained in R.C. 2929.11 and 2929.12. The trial court found that Saxer was not amenable to community control and ordered him to serve a term of 18 months in prison. The court notified Saxer, however, that it did not intend for him to serve all 18 months, but that it was inclined to grant him judicial release. The court remarked that it believed sending Saxer to prison was necessary to help him see where his life was headed in order to motivate him to do the hard work of recovery. In addition to the prison term, the trial court ordered Saxer to pay a fine of $500 and all attorney's fees and costs. The court did not address the issue of Saxer's ability to pay the fine, attorney's fees, or costs and did not make any finding on that issue at that time. In its sentencing entry, the trial court found that "the Defendant has the present and future ability to pay all costs of prosecution, any court-appointed counsel costs, and any supervision fees permitted."

## II. Assignments of Error

{¶ 7} Saxer timely appealed his judgment of conviction and asserts two assignments of error for review:

1. The trial court's imposition of 18 months incarceration is clearly and convincingly not supported by the record.

3.

2. The trial court erred in imposing a fine and costs of court-appointed counsel without a finding of ability to pay.

## III. Analysis

{¶ 8} Saxer's assignments of error challenge the trial court's imposition of sentence. Felony sentences are reviewed pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 9} Here, none of the findings under R.C. 2953.08(G)(2)(a) are applicable; thus, Saxer must demonstrate that his sentence is "otherwise contrary to law" under R.C. 2953.08(G)(2)(b). "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Goode*, 6th Dist. Sandusky No. S-22-012, 2023-Ohio-863, ¶ 6,

4.

quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34; *see also State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

### A. Prison Sentence

{¶ 10} In his first assignment of error, Saxer argues that his prison sentence is clearly and convincingly not supported by the record. Notably, Saxer acknowledges that his sentence is within the statutory range. He does not contest the fact that the trial court considered the principles and purposes of sentencing in R.C. 2929.11 and 2929.12 as required by R.C. 2929.13(C), nor does he argue that the trial court improperly considered factors not included in R.C. 2929.11 and 2929.12. Instead, Saxer argues that the prison sentence would impose a far greater burden on state resources than community control and it does not meet his need for rehabilitation and treatment. In support, Saxer notes his extensive substance abuse issues, the state's recommendation that Saxer be placed on community control, his employment in the family painting business, and his relationship and visitation with his four-year-old son.

{¶ 11} In essence, Saxer argues that the trial court did not properly weigh the considerations and factors in R.C. 2929.11 and 2929.12 in crafting its sentence. R.C. 2953.08(G)(2), however, "does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11" *State v. Reynolds*, 6th Dist. Sandusky Nos. S-22-022, S-22-023, 2023-Ohio-2624, ¶ 10, quoting *Bryant* at ¶ 21; *see also Jones* at ¶ 41-42. Thus, this court cannot review the trial court's finding and weighing of those

5.

factors, and his assignment of error on this issue may be summarily denied. *State v. Bowles*, 2021-Ohio-4401, 181 N.E.3d 1226, ¶ 8, 10 (6th Dist.), citing *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 1.

{¶ 12} Accordingly, Saxer's first assignment of error is not well-taken.

### B. Fine and Costs of Court-Appointed Counsel

{¶ 13} In his second assignment of error, Saxer argues that the trial court erred when it imposed a fine and the costs of court-appointed counsel without first making a finding of his ability to pay.

### 1. Fine under R.C. 2929.18(A)(3)(c)

{¶ 14} Addressing the $500 fine first, R.C. 2929.18(A)(3)(c) authorizes the trial court to impose a fine of "not more than ten thousand dollars" for a felony of the third degree. Prior to imposing such a fine, R.C. 2929.19(B)(5) requires that the trial court "consider the offender's present and future ability to pay the amount of the sanction or fine." However, "[a] hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. All that is required is that the trial court consider a defendant's ability to pay * * * [A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine * * *[A] reviewing court may infer that a trial court considered the issue." *State v. Johnson*, 6th Dist. Sandusky No. S-20-037, 2021-Ohio-3380, ¶ 28, quoting *State v. Davenport*, 2017-Ohio-688, 85 N.E.3d 443, ¶ 31 (2d Dist.); *State v. Lieb*, 6th Dist. Erie No. E-22-025, 2023-Ohio-574, ¶ 9-11. "And, although preferred on appellate review, a trial court need not explicitly state in its

6.

judgment entry that it considered a defendant's ability to pay a financial sanction." *Lieb* at ¶ 10, citing *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 29. "An appellate court will look to the totality of the record to determine whether the requirement has been satisfied." *Id.* at ¶ 11.

{¶ 15} In its sentencing entry, the trial court ordered Saxer to pay a fine of $500.00. In the next paragraph, the trial court then found that Saxer "has the present and future ability to pay all costs of prosecution, any court-appointed counsel costs, and any supervision fees permitted * * *." Relevant to his ability to pay, Saxer informed the court at the sentencing hearing that he is dyslexic and that in school he was in special education and had an individualized education plan. But, Saxer also reported that he paid off his restitution, was paying his prior court fines, and had a full-time job. In addition, the trial court noted that it considered the presentence investigation report, which indicated that Saxer was a healthy 28-year-old, that he reported graduating from Swanton High School, that he earns approximately $1,200 per month but has monthly expenses of $2,095, and that he lives with his parents who also provide financial assistance.

{¶ 16} Looking at the totality of the record, it is fair to infer that the trial court considered Saxer's present and future ability to pay the amount of the fine, thereby satisfying the requirement of R.C. 2929.19(B)(5). It was well-apprised of Saxer's financial circumstances and made a similar conclusion that he was able to pay the costs of prosecution, court-appointed counsel costs, and any supervision fees. This court,

7.

therefore, does not clearly and convincingly find that the imposition of a $500.00 fine was contrary to law.

## 2. Costs of Appointed Counsel under R.C. 2941.51(D)

{¶ 17} Turning to the imposition of the costs of court-appointed counsel, those costs are authorized by R.C. 2941.51(D), which provides, in relevant part, "[I]f the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." This court has held that "a trial court may not impose [costs of appointed counsel] in its sentencing entry if it does not first make a finding of appellant's ability to pay and impose those costs at the sentencing hearing." *State v. Potter*, 6th Dist. Fulton No. F-21-002, 2021-Ohio-3502, ¶ 34, citing *State v. Lewis*, 6th Dist. Lucas No. L-18-1069, 2019-Ohio-3929, ¶ 54. Similarly, in *State v. Connin*, 6th Dist. Fulton No. F-20-005, 2020-Ohio-6867, this court noted that it "has repeatedly held that where a court imposes the discretionary costs of * * * assigned counsel, 'it must affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay.'" *Id.* at ¶ 26, quoting *State v. Brown*, 6th Dist. Lucas No. L-18-1140, 2020-Ohio-1650, ¶ 37. Consistent with this precedent, Saxer argues that because the trial court did not affirmatively find an ability to pay the costs of appointed counsel at the sentencing hearing, the order to pay must be vacated.

{¶ 18} However, as pointed out by the state, the Ohio Supreme Court addressed the issue of the costs of court-appointed counsel in *State v. Taylor*, 163 Ohio St.3d 508,

8.

2020-Ohio-6786, 171 N.E.3d 290. In *Taylor*, the court held that R.C. 2941.51(D) unambiguously does not "support requiring a trial court to make explicit findings on the record regarding the defendant's ability to pay before assessing court-appointed-counsel fees." *Id.* at ¶ 27. The court continued,

> Nonetheless, although R.C. 2941.51 does not require the trial court to make any explicit findings prior to assessing court-appointed-counsel fees against a defendant, making such findings explicitly on the record is the best practice. Indeed, doing so would give the parties a better understanding of the trial court's determination and would enable the appellate court to conduct a more meaningful review of the imposition of fees.

*Id.* at ¶ 28.

{¶ 19} Thus, to the extent that Saxer argues that the costs of appointed counsel must be vacated because the trial court did not explicitly find on the record that he had the ability to pay, Saxer's argument is without merit.

{¶ 20} Furthermore, in this case, the trial court expressly imposed the costs of appointed counsel at the sentencing hearing, but it did not make a finding at that time that Saxer had the ability to pay those costs. Such a finding was affirmatively made in the subsequent judgment entry. That finding is supported by the totality of the record, which includes information about Saxer's age, educational history, employment, past wages, and other financial considerations. Thus, the trial court did not err in determining that Saxer could pay the costs of appointed counsel.

9.

**{¶ 21}** Notwithstanding that, the trial court erred in ordering Saxer to pay the costs of appointed counsel as part of his criminal sentence. In *Taylor*, the Ohio Supreme Court held that "because there is no statutory authority allowing a trial court to 'sentence' a defendant to pay court-appointed-counsel fees, such an order cannot be included as part of the defendant's sentence." *Taylor* at ¶ 35. Recognizing that the sentencing hearing is "the time during which the trial court likely has the most information about a defendant's finances and other circumstances," the court noted that "such fees may be assessed at the sentencing hearing." *Id.* at 33, 37. But, the Ohio Supreme Court instructed, "[I]f the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence. To avoid confusion, the best practice would be to include the order in a separate entry, apart from the sentence." *Id.* at 37.

**{¶ 22}** Here, the state concedes that the sentencing entry does not denominate the court-appointed-counsel fees as a civil assessment. Thus, the state agrees that the portion of Saxer's sentence assessing the costs of appointed counsel should be vacated.

**{¶ 23}** In *State v. Connin*, 6th Dist. Fulton No. F-21-001, 2021-Ohio-4445, this court addressed a similar situation where Connin claimed that the trial court failed to affirmatively find that he had or reasonably may expect to have the ability to pay appointed-counsel fees. *Id.* at ¶ 38. Connin argued that the appointed-counsel fees should be vacated "without the necessity of remanding for a 'do over.'" *Id.* at ¶ 27. Although the state conceded error in that case, this court reviewed the record and

10.

concluded that it supported the trial court's determination of the appellant's present and future ability to pay appointed-counsel fees. *Id.* at ¶ 42. Faced with the narrow assignment of error that "[t]he imposition of attorney fees is contrary to law," this court vacated "[Connin's] criminal sentence only to the extent of the trial court's order for [Connin] to pay appointed-counsel fees." *Id.* This court then remanded the matter to the trial court "to include the civil assessment of the court-appointed counsel fees in a separate entry, apart from the sentence, as the best practice suggested in *State v. Taylor*." *Id.*; *see also State v. Phillips*, 2d Dist. Montgomery No. 29087, 2022-Ohio-1262, ¶ 20, 28 (vacating imposition of order to pay $130 to the assigned-counsel-budget fund because the order does not indicate that it is a civil assessment and not part of the criminal sentence, but remanding to the trial court "for purposes of issuing a separate entry ordering Phillips to pay the $130 fee as a civil assessment").

{¶ 24} Likewise, here, although supported by the record, the trial court's imposition of the costs of appointed counsel as part of Saxer's sentence is contrary to law and must be vacated.

{¶ 25} Accordingly, Saxer's second assignment of error is well-taken, in part.

### IV. Conclusion

{¶ 26} For the foregoing reasons, the judgment of the Williams County Court of Common Pleas is affirmed, in part, and reversed, in part. The portion of the judgment imposing the costs of appointed counsel as part of Saxer's sentence is reversed and vacated. The remaining portions of the judgment are affirmed. Consistent with *Connin*,

this matter is remanded to the trial court to include the civil assessment of the costs of appointed counsel in a separate judgment entry. Costs of this appeal are to be divided evenly between the parties pursuant to App.R. 24.

Judgment affirmed, in part,<br>
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                           _____
                                                                     JUDGE

Gene A. Zmuda, J.

Charles E. Sulek, J.                           _____
CONCUR.                                                            JUDGE

                                                                         _____
                                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.