[Cite as *State v. Valle*, 2025-Ohio-4401.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

      Appellee

v.

Ramon B. Valle

      Appellant

Court of Appeals No. S-24-008

Trial Court No. 23CR650

**DECISION AND JUDGMENT**

Decided: September 19, 2025

* * * * *

Beth Tischler and Alexis M. Otero, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a December 20, 2023 judgment of the Sandusky County Court of Common Pleas, convicting appellant, pursuant to a negotiated plea agreement, of two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), including one

felony of the third degree and one felony of the second degree. In exchange, four additional counts of trafficking in cocaine were dismissed, including three felonies of the fifth degree and one felony of the first degree.

{¶ 2} Appellant was sentenced to a five-year term of incarceration, as well as the imposition R.C. 2929.18(B)(1) mandatory minimum fines of $5,000 and $7,500, respectively. The scope of this appeal is confined to consideration of whether the trial court properly considered appellant's ability to pay prior to the imposition of the fines, as required by R.C. 2929.19(B)(5). For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Ramon B. Valle, sets forth the following two assignments of error:

I. The trial court erred when it made findings concerning [appellant's] present and future indigency and ability to pay fines in its sentencing entry[,] but failed to make those findings on the record at [appellant's] sentencing.

II. Trial counsel was ineffective for failing [to file an] affidavit of indigency before sentencing and for failing [] to argue [appellant's] indigency [as relates to fines].

{¶ 4} The following undisputed facts are relevant to this appeal. On July 21, 2023, appellant was indicted on six counts of trafficking in cocaine, in violation of R.C. 2925.03 (A)(1), with the amounts of cocaine underlying the respective counts ranging from 28g to 4g, with one felony of the first degree, one felony of the second degree, one felony of the third degree, and three felonies of the fifth degree.

2.

{¶ 5} Upon notification of the pending indictment, appellant paid $9,500 in personal funds to secure private counsel. On August 1, 2023, appellant was arraigned while accompanied by private counsel. Private counsel continued to represent appellant throughout discovery, pretrial negotiations, and two bond revocation hearings.

{¶ 6} The bond revocation hearings were triggered by appellant's multiple breaches of bond conditions, including; failure to keep the battery of the electronic ankle monitor charged, blocking the telephone numbers of court-ordered service providers on his mobile phone, multiple missed appointments, and submitting urine samples that tested positive for cocaine, methamphetamines, and marijuana.

{¶ 7} On October 30, 2023, based upon the above-detailed breaches, appellant's bond was revoked. On November 21, 2023, appellant requested that the trial court appoint counsel to replace his privately retained counsel based upon his newly claimed dissatisfaction with retained counsel. The trial court permitted retained counsel to withdraw at appellant's request, and then appointed substitute counsel.

{¶ 8} On December 20, 2023, pursuant to a negotiated plea agreement, appellant pled guilty to two of the six pending counts of trafficking in cocaine, including the second degree felony and the third degree felony counts. In exchange, the remaining four counts were dismissed. Appellant was sentenced to an agreed-upon five-year term of incarceration, as well as the imposition of the R.C. 2929.18(B)(1) statutory mandatory minimum fines of $5,000 and $7,500, respectively. This appeal ensued.

{¶ 9} In the first assignment of error, appellant alleges that the trial court erred in imposing the above-referenced mandatory minimum fines. In principle support, appellant argues that while the trial court made ability to pay findings in the sentencing entry, it did not explicitly do so on the record prior to their imposition at sentencing.

{¶ 10} As this court held in *State v. Saxer*, 2023-Ohio-3548, ¶ 14 (6th Dist.),

> Prior to imposing such a fine, R.C. 2929.19(B)(5) requires that the trial court consider the offender's present and future ability to pay the amount of the sanction or fine. However, [a] hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. All that is required is that the trial court consider a defendant's ability to pay * * * [A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine * * * [A] reviewing court may infer that a trial court considered the issue. *State v. Johnson*, 6th Dist. Sandusky No. S-20-037, 2021-Ohio-3380, ¶ 28, quoting *State v. Davenport*, 2017-Ohio-688, 85 N.E.3d 443, ¶ 31 (2d Dist.); *State v. Lieb*, 6th Dist. Erie No. E-22-025, 2023-Ohio-574, ¶ 9-11. And, although preferred on appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. *Lieb* at ¶ 10 * * * An appellate court will look to the totality of the record to determine whether the requirement has been satisfied. *Id.* at ¶ 11.

{¶ 11} In applying these governing legal principles to our consideration of whether the trial court properly imposed the R.C. 2929.18(B) mandatory minimum fines in this case, we have carefully reviewed the record, with particular scrutiny of the transcripts of the proceedings.

{¶ 12} The transcript of the November 11, 2023 change of plea hearing plainly reflects that the trial court engaged in detailed discourse with appellant on multiple matters bearing directly upon appellant's ability to pay. The trial court inquired of

4.

appellant, "When [was] the last time you were employed?" Appellant replied, "I worked for a family business prior to this, Shawn Valle Construction." The trial court next inquired, "And how long had you been employed with that -- with that business?" Appellant replied, "[F]or a few years." The trial court then inquired, "Full-time?" Appellant replied, [Y]es." The trial court further inquired, "How much did you earn an hour?" Appellant replied, "20 bucks an hour." The trial court next inquired, "How much cash do you have on hand * * * roughly?" Appellant replied, "I [paid retained counsel] $9,500 [and still have] about a grand or so [in savings]." In conjunction, the record reflects that appellant was 36 years of age at the time of these proceedings.

{¶ 13} The transcript of the subsequent December 20, 2023 sentencing hearing reflects that the trial court clearly conveyed to appellant at the outset, "We'll proceed to sentencing * * * [Y]ou're subject to a maximum fine of $15,000 for a second degree felony; half of that is mandatory, $7,500 * * * and with respect to the felony in the third degree, there is a maximum fine of $10,000, half of that [$5,000] is mandatory." Thereafter, the trial court inquired, "Do you understand?" Appellant replied, "Yes, sir." The trial court next inquired, "And you still want to do this?" Appellant again replied, "Yes, sir."

{¶ 14} While appellant chiefly argues in support of the first assignment of error that the trial court's imposition of the mandatory minimum statutory fines was improper based upon the trial court making findings regarding appellant's ability to pay in the sentencing entry, but not explicitly doing so in the sentencing hearing, such a position

5.

fails to acknowledge that no such explicit finding at the sentencing hearing is required, so long as the totality of the record contains indicia from which to infer that the trial court considered a defendant's ability to pay prior to the imposition of the disputed fines. *Saxer*, 2023-Ohio-3548, at ¶ 14 (6th Dist.).

{¶ 15} The above-quoted excerpts from the transcript of the November 21, 2023 change of plea hearing clearly show that the trial court directly engaged in a detailed line of questioning with appellant, the substance of which was directly pertinent to appellant's ability to pay. The trial court established that appellant had been employed full-time with a family-owned business, worked there for several years, earned $20/hour, paid $9,500 in personal funds to retain counsel in this case, and retained additional cash funds.

Based upon the foregoing, we find clear evidence in the record from which to infer that the trial court properly considered appellant's ability to pay prior to the imposition of R.C. 2929.18(B)(1) mandatory minimum fines in this case. Thus, in accord with *Saxer,* the totality of the record reflects that the R.C. 2929.19(B)(5) requirement of consideration of ability to pay was satisfied in this case. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 16} In appellant's second assignment of error, appellant similarly argues that trial counsel was ineffective in failing to argue appellant's alleged indigency in response to the imposition of R.C. 2929.18(B)(1) mandatory minimum fines in this case. We do not concur.

6.

**{¶ 17}** As this court held in *State v. Arnold*, 2025-Ohio-2547, ¶ 32, 35 (6th Dist.),

> To establish his claim of ineffective assistance of counsel, appellant must demonstrate (1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *State v. Willis*, 2017-Ohio-8924, ¶12 (6th Dist.), quoting *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). We presume appellant's counsel provided competent representation, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985), quoting *Strickland* at 694-695 * * * The failure to do a futile act cannot be the basis for a claim of ineffective assistance of counsel, nor could such a failure be prejudicial. *Id*. at ¶ 35, citing *State v. Martinez*, 2015-Ohio-1293, ¶ 23 (8th Dist.).

**{¶ 18}** Appellant's second assignment of error is grounded in the same substantive premise underlying appellant's first assignment of error, the propriety of the imposition of R.C. 2929.18(B)(1) mandatory minimum fines in this case, based upon the claim the trial court failed to comply with the R.C. 2929.19(B)(5) requirement of consideration of the defendant's ability to pay.

**{¶ 19}** Given our determination above, in response to appellant's first assignment of error, finding that the totality of the record encompasses clear evidence from which to infer that the trial court considered the defendant's ability to pay, thereby complying with R.C. 2929.19(B)(5), it cannot be shown that the outcome of this matter would have been different had appellant's counsel raised a consideration of ability to pay claim that is without merit. Wherefore, we find appellant's second assignment of error not well-taken.

7.

**{¶ 20}** On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmua, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.